UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALANA CAIN, ET AL** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | No. 15-4479 |
| | * | |
| **CITY OF NEW ORLEANS, ET AL** | * | SECTION: R |
| | * | MAGISTRATE: 2 |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

The City of New Orleans ("City") respectfully submits this Memorandum in Opposition to the Plaintiffs' Motion for Preliminary Injunction. Although the City supports the policies underlying Plaintiffs' claims, namely reducing jail population and rejecting over incarceration of New Orleans citizens, the City must oppose the preliminary injunction. The City has no role in developing the policies and practices that form the basis of Plaintiffs' claims. The City simply carries out orders of the Orleans Parish Criminal District Court.

A preliminary injunction is warranted if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *See Melancon v. City of New Orleans*, 703 F.3d 262 (5th Cir. 2012). The Plaintiffs cannot satisfy each of the four criteria as to the City. In particular, the harm that will will result if the injunction is granted outweighs the harm that would result if the injunction is denied, and the grant of the injunction as to the City will disserve the public interest.

The City conveyed to the Plaintiffs' counsel that the City would consider entering into a consent judgment related to the Motion for Preliminary Injunction because the City is supportive of the policy underlying Plaintiffs' claims. NOPD officers, however, would not have the ability to comply with any such consent judgment, and officers would be left with the untenable choice of refusing to arrest those who lawfully should be arrested or adversely affecting efficient and effective policing on the streets of New Orleans. Granting an injunction as to the City would have an adverse effect on public safety, and the City is forced to oppose the Motion for Preliminary Injunction.

As noted by the Plaintiffs in their Complaint and in their Memorandum in Support of Preliminary Injunction, the City partially funds the Collections Department that collects court costs, fines, and fees that are imposed by the judges of Orleans Parish Criminal District Court. The City has no control over the daily operations of the Collections Department. In addition, the New Orleans Police Department ("NOPD") executes the warrants that are issued by the Criminal District Court. Contrary to the Plaintiffs' assertions, the NOPD officers have no knowledge about whether the warrants are valid or constitutional. The NODP officers simply execute the warrants that are presumed valid.

If an arrest warrant is issued, determination of probable cause should be made by a neutral and detached magistrate. *State v. Allen*, 450 So.2d 1378 (La. App. 1st Cir. 1984). The NOPD officers do not make such a determination. Probable cause to support an arrest warrant need not be based on officer's personal knowledge, but an officer can act on knowledge supplied by another. *State v. McCartney*, 684 So.2d 416, 1996-58 (La. App. 3 Cir. 10/9/96).

In these cases, NOPD officers rely upon the information provided through the National Crime Information Center ("NCIC"). NCIC is a database that allows law enforcement officers,

federal, and state agencies to enter and access information regarding people and property, which assists officers in performing their duties.  There are fourteen types of persons files maintained in the NCIC database:  Supervised Release; National Sex Offender Registry; Foreign Fugitive; Immigration Violator; Missing Person; Protection Order; Unidentified Person; Protective Interest; Gang; Known or Appropriately Suspected Terrorist; *Wanted Person*; Identity Theft; Violent Person; and National Instant Criminal Background Check System (NICS) Denied Transaction.  These designations do not specify the reason a person is wanted or the reason a warrant has been issued.  Accordingly, NOPD officers do not have the capability to make a determination that an individual should not be arrested for failure to pay fines based upon data contained in NCIC.

To comply with an order granting the Plaintiffs' Motion for Injunction would hamper NOPD officers' ability to effectively do their police work.  Granting an injunction prohibiting officers from arresting individuals for failure to pay fines would have the unintended consequence of forcing officers to avoid arresting individuals who lawfully should be arrested.  Alternatively, to determine whether a warrant was issued due to failure to pay fines, an officer would need to contact NCIC, which would then contact the Orleans Parish Sheriff's Office ("OPSO").  OPSO would then need to pull the underlying records to report the basis of the issuance of the warrant to NCIC and NOPD.  These steps would not allow efficient policing when officers are making arrests on the streets of New Orleans and certainly would adversely impact officer response times.  In short, it is practically unworkable.

The City submits that if improper warrants are recalled, NOPD officers would not be in the position of executing invalid warrants that have been entered into the system by the courts.  NOPD simply executes the orders of the courts, and the City will comply with those orders.

For the foregoing reasons, the City opposes the Motion for Preliminary Injunction.

Respectfully submitted,

*/s/ Sharonda R. Williams*

Adam J. Swensek, LSB#30751
DEPUTY CITY ATTORNEY
Sharonda R. Williams, LSB#28809
CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana 70112
Telephone: 504-658-9920
Facsimile: 504-658-9868
shrwilliams@nola.gov
ajswensek@nola.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2015 I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Sharonda R. Williams*

4