UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, ET AL | CIVIL ACTION |
| | NUMBER: 15-4479 |
| VERSUS | |
| | (CLASS ACTION) |
| CITY OF NEW ORLEANS, ET AL | |
| | SECTION "R" |
| | JUDGE VANCE |
| | |
| | MAGISTRATE "2" |
| | JUDGE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

MAY IT PLEASE THE COURT:

Sheriff Marlin N. Gusman respectfully opposes the Plaintiff's Motion for Preliminary Injunction. Counsel for the Sheriff has met with counsel for the Plaintiff class and has discussed the possibility of a resolution of this matter, given the Sheriff's inclusion in this matter merely based upon his acceptance of those arrested on fines and fees warrants. However, the OPSO has not been presented with any proposed resolution, and has grave concerns about its ability to realistically operate under any such agreement. Thus, for the reasons that follow, Plaintiff's Motion should be denied.

A preliminary injunction is warranted if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *See Melancon v. City of New Orleans,* 703 F.3d 262 (5th Cir. 2012). Regardless

of the merits of their Motion with respect to any other Defendant, the Plaintiffs cannot satisfy the four criteria as to the Sheriff.

The Plaintiffs have no likelihood of success on the merits against the Sheriff. As was more thoroughly discussed in Defendant's Memorandum in Support of Motion to Dismiss for Failure to State a Claim, the Orleans Parish Sheriff's Office has no role in applying for or obtaining any of the warrants of arrest which are the subject of contention.   Simply stated, the Sheriff is accepting into custody the individuals who were arrested by other agencies as a result of the outstanding warrant.  The Sheriff is the keeper of the jail and does not have discretion on whether he can accept an arrestee, nor does he have any legal authority to analyze determine any validity of an arrest warrant.   When presented with such an arrestee, the OPSO books an individual simply upon an affidavit of an arresting officer that he or she verified the validity of the warrant through the NCIC system.   The Sheriff is following the law, and this Court must determine whether there is likelihood of success in the action against the Sheriff, not the fines and fees system as a whole.  The Plaintiffs have not provided anything to illustrate a likelihood of success against the Sheriff.

The Plaintiffs have also failed to establish that the gravity of the threatened injury outweighs the harm which would result from granting of the injunction with respect to the Sheriff, nor can they establish that it would not disserve the public interest.   As the City illustrated in its Opposition, granting of the injunction with respect to the Sheriff or the other law enforcement participants would severely impact the criminal justice system in New Orleans. Specifically, the Sheriff would be required to make all NOPD officers with warrant-based arrests wait at the jail until an actual copy of the underlying paperwork was obtained to determine whether the warrant was a fines and fees warrant.  This process is not an instant one, and can

only be accomplished during Court-clerk business hours, thus NOPD officers would be kept from their business on the streets while awaiting a determination of whether OPSO could legally accept an arrestee.  Further, OPSO staff, which is already stretched thin while attempting to implement the Consent Judgment in *Jones, et al.   v. Gusman, et al*., E.D. La. No. 12-00859, would be required to redirect staff to this burdensome task in an attempt to allow the NOPD officers to return to the streets while ensuring that OPSO does not violate any proposed injunctive order.

Finally, even such an unreasonable process would fall short of solving any issue, as the OPSO would be unable to distinguish whether the warrant at issue is for failure to pay fines and fees or if it was for *failing to appear* for a scheduled Court appearance docketed as a fines and fees matter, with the latter apparently falling outside the scope of the warrants complained of. Granting of injunctive relief with respect to the Sheriff would be extremely harmful to OPSO operations and would place OPSO in the untenable position of having to make judgment calls on the validity of warrants which appear valid on their face, something which is understandably outside of the Sheriff's discretion under the law.   The Sheriff should be allowed to continue to execute all state court orders without hesitation.

The Sheriff takes no position on the constitutionality of the fines and fees system, nor does he take any position on whether the warrants are appropriately issued or executed.  The Sheriff does note that if the underlying warrants at issue were all recalled, and were appropriately removed from the MOTIONS and NCIC systems, neither the NOPD nor the Sheriff would be placed in the position of having to make a judgment call which amounts to an effective nullification of a  Judge's order to arrest.  In such a case, if those warrants were recalled and stricken from the verification systems, the Sheriff submits that no injunction should issue with

respect to him, as there is neither an allegation nor a showing that the Sheriff has ever arrested anyone for fines and fees without such a warrant.  Thus, it would be improper to enjoin the Sheriff from an action in which he has not been shown to engage.


### III. CONCLUSION

The Sheriff is simply complying with orders of the Honorable Judges of the Criminal District Court and intends to continue following the law.  To any extent that those orders of arrest are recalled en-masse, the Sheriff will no longer be in a position to have to accept those arrestees.  As such, no injunction should issue with respect to Sheriff Gusman whether or not the warrants at issue are recalled.

Respectfully submitted,

**USRY, WEEKS & MATTHEWS**

__/s/BlakeJ. Arcuri_____
BLAKE J. ARCURI (32322)
FREEMAN R. MATTHEWS (9050)
TIMOTHY R. RICHARDSON, (LSBN 27625)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641

*-AND-*

**CHEHARDY, SHERMAN, WILLIAMS, ELLIS, MURRAY, RECILE, STAKELUM & HAYES, LLP**
JAMES M. WILLIAMS, BAR NO. 26141
INEMESIT O'BOYLE, BAR NO. 30007
MATTHEW A. SHERMAN, BAR NO. 32687
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080

*Attorneys for Defendant, Sheriff Marlin N. Gusman*

4

## **CERTIFICATE**

I hereby certify that on the 20th day of October, 2015 I have caused the foregoing to be served upon all counsel of record via the Court's CM/ECF system.

_/s/Blake J. Arcuri_____
Blake J. Arcuri