UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALANA CAIN, ET AL.                          CIVIL ACTION

VERSUS                                      NO: 15-4479

CITY OF NEW ORLEANS, ET AL.                 SECTION: R(2)

## ORDER AND REASONS

The Orleans Parish Criminal District Court Defendants move the Court to judicially notice the following documents as the Court considers defendants' pending motions to dismiss:[1]

(1)    Orleans Parish Criminal District Court records, including court docket sheets and signed guilty pleas for named plaintiffs Alana Cain, Ashton Brown, Renaud Variste, Reynajia Variste, and Vanessa Maxwell. Defendants have not submitted similar records for named plaintiff Thaddeus Long.[2]

(2)    Orleans Parish Criminal District Court transcript of the plea hearing held on May 30, 2013, for named plaintiff Alana Cain

---

[1]    R. Doc. 59. The "Orleans Parish Criminal District Court Defendants" are the Orleans Parish Criminal District Court, the Judicial Administrator Robert J. Kazik, and Judges White, Davillier, Willard, Waldron, Johnson, Pittman, Williams, Buras, Herman, Derbigny, Hunter, Ziblich, and Cantrell. *See id.*

[2]    *See* R. Doc. 59, Exhibit 1.

only.  Defendants have not submitted plea hearing transcripts for the other named plaintiffs.[3]

    (3)    March 14, 2011 Judgment of the Nineteenth Judicial District Court, Parish of Baton Rouge.[4]

It is undisputed that the foregoing documents are all unsealed court documents, and therefore matters of public record.[5]  Under Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 401.  For a court deciding a 12(b)(6) motion to dismiss, "it is clearly proper . . . to take judicial notice of matters of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).  Accordingly, the Court GRANTS defendants' motion to take judicial notice of these documents.

Defendants also move the Court to judicially notice certain "facts" purportedly reflected in the documents, including:

---

[3]    *See* R. Doc. 59, Exhibit 2.

[4]    *See* R. Doc. 59, Exhibit 3.

[5]    *See* R. Doc. 68 at 1 ("Plaintiffs' Response to OPCDC Defendants' Motion to Take Judicial Notice").

(1)     each plaintiff pleaded guilty to the criminal charges giving rise to the claims in this case;

(2)     each plaintiff was represented by counsel during the criminal court proceedings;

(3)     none of the plaintiffs raised indigency as a defense to the court's order that they pay fees and costs;

(4)     all of the plaintiffs' criminal proceedings except Reynaud Variste's remain open and ongoing; and

(5)     on March 14, 2011, the Nineteenth Judicial District Court issued an order compelling the Orleans Parish Criminal District Court judges to assess a $35.00 fee in all cases in which a criminal defendant is convicted.[6]

The Court will judicially notice that Cain, Brown, Renaud Variste, Reynajia Variste, and Maxwell were represented by counsel and pled guilty to certain criminal charges, as reflected by the Orleans Parish Criminal District Court records.[7]  The Court will also judicially notice that on March 14, 2011, the Nineteenth Judicial District Court ordered the named defendants in *Louisiana Public Defender Board, et al. v. Parker, et al.* to assess a $35.00 fee

---

[6]     R. Doc. 59 at 1.

[7]     R. Doc. 59, Exhibit 1.

in all cases in which a criminal defendant is convicted, as reflected by the Nineteenth Judicial District Court order.[8]

As to the named plaintiffs "rais[ing] indigency as a defense" and their proceedings remaining "open and ongoing," the Court finds these statements to be overbroad, subject to interpretation, and/or represent conclusions pertaining to the issues in this case. This is not appropriate for judicial notice under Federal Rule of Evidence 201. Accordingly, the Court DENIES defendants' motion to take judicial notice of these facts.

New Orleans, Louisiana, this ____2nd____ day of December, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8]     R. Doc. 59, Exhibit 3.

4