UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-4479 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: R(2) |

## ORDER AND REASONS

Named plaintiffs Alana Cain, Ashton Brown, Reynaud Variste, Reynajia Variste, Thaddeus Long, and Vanessa Maxwell filed this civil rights action under 42 U.S.C. § 1983 seeking to declare the manner in which the Orleans Parish Criminal District Court collects post-judgment court costs from indigent debtors unconstitutional. According to plaintiffs, the Criminal District Court and other, related actors maintain a policy of jailing criminal defendants who fail to pay their court costs solely because of their indigence.[1]

The "judicial defendants" now ask the Court to dismiss plaintiffs' claims against the Criminal District Court under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Defendants argue that the Orleans

---

[1] *See generally* R. Doc. 7 (Plaintiffs' First Amended Class Action Complaint).

[2] R. Doc. 92. The "judicial defendants" are the Orleans Parish Criminal District Court, its thirteen judges, and the judicial administrator, Robert Kazik.

Parish Criminal District Court is "not a person subject to suit under § 1983."[3] Although this argument appears limited to whether the court may be sued for civil rights violations under section 1983, the cases on which defendants' rely pertain to whether an entity may be sued at all—that is, whether the court is a "person" with "capacity to sue or be sued" under state law. *See generally* Fed. R. Civ. P. 17(b). Regardless, defendants also argue that the court is entitled to immunity under the Eleventh Amendment.[4]

Courts in this and other circuits routinely hold that state courts are immune from suit under the Eleventh Amendment. *See, e.g.*, *Jefferson v. La. State Supreme Court*, 46 F. App'x 732, *1 (5th Cir. 2002) ("The Eleventh Amendment clearly bars [plaintiff's] § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government."); *Bourgeois v. Par. of Jefferson*, 20 F.3d 465, *1 (5th Cir. 1994) (holding that the Orleans Parish Civil District Court is "an agency of the state" entitled to Eleventh Amendment immunity); *Summers v. Louisiana*, No. 13-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (holding that an official capacity claim against a state court judge "would in reality be a claim against the state

---

[3]   R. Doc. 92-1 at 3.

[4]   *Id.* at 1.

itself, and . . . would be barred by the Eleventh Amendment"); *Wilkerson v. 17th Judicial Dist. Court*, No. 08-1196, 2009 WL 249737, at *4 (E.D. La. Jan. 30, 2009) ("It is clear that the Eleventh Amendment bars § 1983 claims against a state court."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007) ("[T]he Eleventh Amendment likewise bars § 1983 claims against a state court."); *see generally Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (noting that state courts are not "persons" under section 1983 and are otherwise immune from suit as an arm of the state government); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (holding that Oklahoma Court of Criminal Appeals is immune from suit under Eleventh Amendment as "a governmental entity that is an arm of the state"); *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994) ("The Eleventh Amendment, however, bars federal suits against state courts and other branches of state government[.]"); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment anyway.").

Accordingly, the Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction and dismisses plaintiffs' claims against the Orleans Parish Criminal District Court. The Court also dismisses plaintiffs'

claims against the court's Judicial Administrator, Robert Kazik, in his official capacity because when a civil rights plaintiff's claims against an entity "fail for a jurisdictional, procedural, or pleading defect," any official capacity claim against an individual representative of that entity also fails. *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (collecting cases). The only remaining claims against the "judicial defendants" are the declaratory relief claim against Kazik, in his individual capacity,[5] and the declaratory relief claims against the thirteen Criminal District Court judges.

New Orleans, Louisiana, this ___11th___ day of May, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5]   *See* R. Doc. 119 at 28.