UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALANA CAIN, ET AL.                                        CIVIL ACTION

VERSUS                                                        NO. 15-4479

CITY OF NEW ORLEANS, ET AL.                   SECTION "R" (2)


## ORDER AND REASONS

Thirteen judges of the of Criminal District Court for the Parish of Orleans, State of Louisiana and Robert Kazik, Judicial Administrator (collectively, the Judicial Defendants) move for review and reversal[1] of Magistrate Judge Wilkinson's order[2] granting plaintiffs' motion to compel answers to several interrogatories. The Court denies the Judicial Defendants' motion because defendants have failed to show that Magistrate Judge Wilkinson's order is clearly erroneous or contrary to law.


## I.    BACKGROUND[3]

In this section 1983 civil rights action, Plaintiffs allege that defendants maintain an unconstitutional scheme of jailing indigent criminal defendants

---

[1]    R. Doc. 220.
[2]    R. Doc. 214.
[3]    For a full factual background see R. Doc. 228.

and imposing excessive bail amounts for nonpayment "offenses" in an effort to collect unpaid court costs.  After amendments to plaintiffs' complaint and orders resolving several motions to dismiss, the remaining defendants are: (1) thirteen judges of the of Criminal District Court for the Parish of Orleans, State of Louisiana; (2) Judicial Administrator Robert Kazik; and (3) Orleans Parish Sheriff Marlin Gusman.

On August 25, 2016, the Judicial Defendants moved for a protective order preventing plaintiffs from conducting any discovery in this case.[4] Plaintiffs timely opposed.[5]   While the motion for protective order was pending, plaintiffs moved to compel document production and responses to interrogatories.[6]  The Judicial Defendants timely opposed this motion,[7] and both sides filed supplemental memoranda addressing both the motion for protective order and the motion to compel.[8]

On November 30, 2016 Magistrate Judge Wilkinson issued an order denying the Judicial Defendants' motion for a protective order and granting in part plaintiffs' motion to compel.[9]   In his order, Magistrate Judge

---

[4]  R. Doc. 185.
[5]  R. Doc. 195.
[6]  R. Doc. 192.
[7]  R. Doc. 200.
[8]  R. Doc. 210; R. Doc. 211.
[9]  R. Doc. 214.

Wilkinson found that the Judicial Defendants had failed to show good cause to grant a blanket protection order.[10]   Magistrate Judge Wilkinson also granted plaintiffs' motion to compel as to six interrogatories, and rejected the motion to compel as to sixteen other interrogatories.[11]

The Judicial Defendants now appeal Magistrate Judge Wilkinson's order, and argue that Magistrate Judge Wilkinson erred in granting plaintiffs' motion to compel as to interrogatories 6 through 8 to the Judges and interrogatories 4 through 6 to Kazik.[12]   Plaintiffs oppose the Judicial Defendants' appeal.[13]   The first three disputed interrogatories are directed to the Judges, and state:

> INTERROGATORIES #6-8:
>
> If it is your contention that you authorized the Judicial Administrator and/or his employees and/or Collections Department employees or any other person to sign your name to a warrant and/or issue a warrant for failure to pay fines and/or fees please:
>
> (a) state all facts which support your contention and identify all witnesses with knowledge of said facts,
>
> (b) identify all documents which support your contention and all persons who have custody, control, or possession of said documents.

---

[10]   *Id.* at 3-12.
[11]   *Id.* at 13-17.
[12]   R. Doc. 220.
[13]   R. Doc. 226.

3

(c) describe how and if you have ever rescinded that authority.[14]

The remaining interrogatories are directed to Kazik, and state:

> INTERROGATORY #4:
>
> Please identify every judge and/or section of court that has authorized you and your employees to issue warrants for failure to pay fines and fees and explain how each judge and/or section communicated the granting of that authority to you and/or your employees. Please indicate relevant dates.
>
> . . .
>
> INTERROGATORY #5:
>
> Please identify every judge and/or section of court that has declined to authorize you and/or your employees and/or Collections Department employees to issue warrants for failure to pay fines and fees, or rescinded your authority to issue such warrants and explain how each judge and/or section communicated the rescinding of that authority to you and/or your employees and/or Collections Department employees. Please indicate relevant dates.
>
> . . .
>
> INTERROGATORY #6:
>
> Please describe the procedure – for each section of court – by which you and members of your office or Collection Department employees apply for such warrants and the process by which such warrants are printed and signed and issued. This includes the process by which notice of such a warrant is made to the OPSO and the City police.[15]

---

[14]   R. Doc 192-11 at 4.
[15]   R. Doc. 192-12 at 3-4.

## II.   LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive civil motion may be appealed to the district court.  Fed. R. Civ. P. 72(a).  When a timely objection is raised, the district judge must review the magistrate judge's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law."  *Id.*  Under this standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently."  *Arvie v. Tanner*, No. 12-1638, 2012 WL 3597127, at *1 (E.D. La. Aug. 21, 2012) (internal quotations omitted).  Instead, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  A legal conclusion, however, is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016).  Therefore, the court applies plenary review to the Magistrate Judge's legal conclusions. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) ("For questions of law there is no practical

difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." (internal quotations and modifications omitted)).

## III. DISCUSSION

The Judicial Defendants argue that the disputed interrogatories implicate both the deliberative process privilege and the judicial process privilege. Each privilege is considered in turn.

### A. Deliberative Process Privilege

The Judicial Defendants assert that any response to the challenged interrogatories would be protected by the deliberative process privilege. The purpose of the deliberative process privilege is to enhance the quality of government decisions by assuring individuals "who offer information and opinions to the Government that their communications will be kept in confidence." *Shermco Indus., Inc. v. Sec'y of Air Force*, 613 F.2d 1314, 1318 (5th Cir. 1980). The privilege is narrowly construed. *Pennison v. United States*, No. CV 16-3615, 2016 WL 5390394, at *4 (E.D. La. Sept. 27, 2016).

For the deliberative process privilege to apply, the information sought must be both "predecisional" and "deliberative." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). Information is "predecisional" if it was "prepared in order to assist [a government] decisionmaker in arriving at his decision."

6

*Hopkins v. U.S. Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991) (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)).   It is "deliberative" if "it reflects the give-and-take of the consultative process." *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006).

As found by the Magistrate Judge, the Judicial Defendants' deliberative process privilege argument fails for two reasons.   First, as the party asserting the privilege, the Judicial Defendants bear the burden of demonstrating that it applies.   *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability.").   The Judicial Defendants have failed to meet this burden.   Specifically, defendants fail to show that plaintiffs' requests encompass documents that are predecisional and deliberative. *See Klein v. Jefferson Parish School Bd.*, No. 00-2401, 2003 WL 1873909, *4 (E.D. La. Apr. 10, 2003) (privilege covers only those documents "generated before the adoption of an agency policy or decision and prepared in order to assist agency decision maker in arriving at his or her decision" (citing *Skelton v. U.S. Postal Service*, 678 F.2d 35 (5th Cir. 1982)).   Indeed, by the plain language of the interrogatories, plaintiffs appear to request only the sort of "opinions and interpretations which embody the

7

[court's] effective law and policy" and therefore do not implicate the privilege. *Id.* (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975)).  Accordingly, Magistrate Judge Wilkinson found that the challenged interrogatories requested "purely factual information."[16] *See Hopkins*, 929 F.2d at 85 ("The [deliberative process] privilege does not, as a general matter, extend to purely factual material."). Defendants make no showing that this finding was clearly erroneous.

Second, even if the Judicial Defendants had met their burden to show that the deliberative process privilege applies here, the privilege is not an unqualified one. Rather, "[w]hen documents are protected by the deliberative process privilege, the party seeking such materials may still obtain them if 'his need for accurate fact finding overrides the government's interest in nondisclosure.'" *Pennison*, 2016 WL 5390394, at *4 (*quoting Klein* 2003 WL 1873909, at *4).  Magistrate Judge Wilkinson specifically found that the challenged interrogatories relate to "highly relevant facts" and would therefore remain discoverable even if privileged.[17]  This factual finding is accorded considerable deference, and defendants make no attempt to undermine it.  Accordingly, the Court finds that Magistrate Judge

---

[16]   R. Doc. 214 at 15.
[17]   *Id.*

8

Wilkinson's rejection of the Judicial Defendants' asserted deliberative process privilege was neither clearly erroneous nor contrary to law.

## B. Judicial Process Privilege

The Judicial Defendants further assert that the judicial process privilege covers information sought in the challenged interrogatories.  In his order, Magistrate Judge Wilkinson concluded that: (1) the judicial process privilege raised by defendants "primarily protects judicial decision-making in the context of adjudicating particular cases," and (2) the challenged interrogatories do not seek protected information.[18]  Defendants cite no authority tending to undermine either conclusion.  Rather, defendants unconvincingly attempt to distinguish two of the many cases Magistrate Judge Wilkinson cited in his lengthy discussion of the judicial process privilege.  Both cases, in fact, support a finding that the privilege is limited to information relating to judicial deliberations. *See Matter of Certain Complaints Under Investigation by an Investigating Comm. of Judicial Council of Eleventh Circuit*, 783 F.2d 1488, 1520 (11th Cir. 1986) ("In the main, the privilege can extend only to communications among judges and others relating to official judicial business such as, for example, the framing and researching of opinions, orders, and rulings."); *Hale v. State Farm Mut.*

---

[18]    *Id.* at 8.

9

*Auto. Ins. Co.*, No. 12-0660, 2015 WL 854506, at *5 (S.D. Ill. Feb. 26, 2015) (permitting discovery that did not concern judge's "deliberative process while on the Illinois Supreme Court").   As found by Magistrate Judge Wilkinson, the interrogatories at issue concern administrative functions performed by judges, rather than adjudicative deliberations, and the judicial process privilege therefore does not apply.

Finally, defendants again ignore Magistrate Judge Wilkinson's finding that even if the information sought were privileged, any protection would be overridden by plaintiffs' interest in disclosure. This finding, as noted, is not clearly erroneous and provides an independent basis for denying defendants' appeal.

## IV.  CONCLUSION

For the forgoing reasons, the Judicial Defendants' Motion for District Court Review and Reversal of Magistrate's Order Pursuant to Fed. R. Civ. P 72 is DENIED.

New Orleans, Louisiana, this ___7th___ day of March, 2017.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

10