## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

———————————————————————
|  |  |
|---|---|
| ALANA CAIN, et al. | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) Case No. 15-4479-SSV-JCW |
| CITY OF NEW ORLEANS, et al. | ) |
|  | ) (Class Action) |
| Defendants. | ) |
———————————————————————  )

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION
### FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs respectfully submit this reply in support of their Motion for Partial Summary Judgment, Rec. Doc. 251 ("Motion"), and in response to Defendants' Joint Response in opposition, Rec. Doc. 256 ("Opposition"), and Defendants' Response to Plaintiffs' Statement of Material Facts, Rec. Doc. 255 ("Facts Response").

Defendants' Opposition contains not a single citation to any fact or piece of evidence; instead, it rehashes arguments already rejected by this Court and belies a continuing misunderstanding of Plaintiffs' claims. Defendants' Fact Response admits all the facts needed by this Court to rule for Plaintiffs but, nonetheless, goes on to raise numerous evidentiary distractions, and relies on an outdated and inaccurate summary judgment standard to do so. This Court should reject Defendants' attempts at misdirection.

### I.    DEFENDANTS' OPPOSITION REPEATS REJECTED ARGUMENTS

Defendants' Opposition focuses entirely on rehashing already rejected arguments. Specifically, the Opposition asserts that: 1) Plaintiffs challenge the monetary assessments imposed on them at sentencing and the existence of the "Judicial Expense Fund," *per se*, Rec. Doc. 256 at

1-6; 2) Plaintiffs bear the burden to raise their inability to pay, *id*. at 2; 3) Plaintiffs can subsequently be jailed for nonpayment of court debts because they pled guilty at some earlier time, *id*. at 2 n.3; and 4) the Sheriff's failure to bring Plaintiffs before a judge within 72 hours after arrest states no claim for wrongful imprisonment.   This Court has already rejected each of those arguments.

Plaintiffs do not challenge the imposition of monetary assessments against them at sentencing, nor do they challenge the constitutionality of the "Judicial Expense Fund" itself.  Rec. Doc. 111 at 20 (Order and Reasons of April 22, 2016) ("Although defendants characterize plaintiffs' complaint as a broad attack on the 'constitutional permissibility of assessing and collecting' court costs imposed on state-court criminal defendants, this characterization is incorrect for two reasons.  First, plaintiffs do not complain about defendants' imposing or assessing court costs as valid terms of the sentences of state-court criminal defendants . . . . Second, plaintiffs do not complain about defendants' generally collecting court costs, assuming those collection efforts are carried out in a manner consistent with constitutional principles.").  Defendants' arguments under the heading "Separation of Powers and Judicial Discretion" are thus irrelevant.[1]

Plaintiffs are not required to find a way to raise their inability to pay; Defendants must ensure Plaintiffs are not jailed for nonpayment unless nonpayment is willful.  Rec. Doc. 136 at 16 (Order and Reasons of May 23, 2016) ("No court has held that indigent debtors are required to initiate proceedings to request a modification of their financial obligations or otherwise risk

---

[1] For the record, this section also contains numerous misrepresentations.  For example, the Louisiana Constitution was drafted in 1974.  *Bearden v. Georgia* was decided in 1983.  Clearly, "Louisiana" was not "well aware of *Bearden*" when it "was drafting its Constitution."  *See* Opposition, Rec. Doc. 256 at 4.  Defendants' uncited factual assertions as to Plaintiffs' experience with OPCDC debt collection, *id*. at 4, 4 n.13, are also contradicted by record evidence. *See*, *e.g.*, Rec. Doc. 8-2 (Cain Decl.) ¶¶ 9-10; Rec. Doc. 95-3 at 42-43 (Collections Department database record showing at least partial history of communications, extensions); *id*. at 46 (payment history); *id*. at 48-77 (payment receipts).  Because the legal arguments are either irrelevant or have already been fully briefed and rejected, Plaintiffs do not catalog all of Defendants misrepresentations here.

imprisonment for nonpayment."). The fact that Plaintiffs' debts were imposed after Plaintiffs pled guilty does not negate Defendants' duty. *Id*. at 20-23 (stating, *e.g.*, "a person's *ability* to pay is … impermanent") (emphasis in original).

Finally, with respect to the Sheriff's wrongful imprisonment of Plaintiffs, the Sheriff's Opposition does not dispute that each Plaintiff was detained for at least six days and as long as fifteen days before being brought before a judge. Rather, the Sheriff's position appears to be that the arbitrary and indefinite detention of Plaintiffs was permissible because Plaintiffs already had counsel appointed. Rec. Doc. 256 at 6-7. That is not the law. As this Court has already observed, the Louisiana Supreme Court has held that a custodian's failure to bring an arrestee before a judge within 72 hours of arrest constitutes wrongful imprisonment as a matter of law. Rec. Doc. 228 at 57 (Order and Reasons of February 3, 2017) (quoting *State v. Wallace*, 392 So. 2d 410, 413 (La. 1980) ("'[W]hen an arrested person is held in custody more than 72 hours without being brought before a judge, then any detention thereafter is illegal, whether or not the initial detention was proper, and that detention (in excess of 72 hours) gives rise to (1) the right to immediate release and (2) a claim for civil damages for that illegal detention.'"). Tellingly, the Sheriff's Opposition completely ignores this precedent, discussing instead a federal case. Rec. Doc. 256 at 5.

In sum, Defendants' Opposition changes nothing. The Court should grant Plaintiffs' requested relief as to Counts One, Two, Four, Five, and Six and enter judgment as to liability in favor of Plaintiffs and against the Sheriff on Count Seven.

## II.   DEFENDANTS' FACT RESPONSE RAISES NO GENUINE DISPUTES OF FACT

Defendants' Fact Response raises no genuine disputes of fact under the standards set out in Federal Rule of Civil Procedure 56 and Local Rule 56.2. Under Local Rule 56.2, Defendants were required to submit a "concise statement of the material facts which" they "contend present a

genuine issue."  Under Federal Rule of Civil Procedure 56(c), Defendants might show that a fact is genuinely disputed by "(1)(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Any party "may object that the material cited to support or dispute a fact cannot be presented in a form that *would be* admissible in evidence."  Fed. R. Civ. P. 56(c)(3) (emphasis added).  Per Local Rule 56.2, "[a]ll material facts" not "controverted" in Defendants' response are "admitted, for . . . the motion . . . ."

### a.  Defendants Admit or Implicitly Admit Most Facts

Defendants expressly admit most of Plaintiffs' stated facts.  *See* Rec. Doc. 255 at 1, 2, 11, 24, 31 (admitting facts 1-7, 8-9, 15-20, 22, 25, 28-30, 34-35, 72 and stating, with regard to facts 42-72, "[a]ll facts supported by the parties' joint stipulation Rec. Doc. 248 are … admitted," which include Plaintiffs' facts in paragraphs numbered 42-44, 46-48, 53, 57, 60, 62-64).

Defendants do not expressly admit, but also do not expressly controvert, many more.  *See* Rec. Doc. 255 at 11, 12, 30 (no discussion as to why ¶¶ 24, 26, 69, taken from the parties' joint stipulations, are not included with express admissions); 24 (no discussion regarding denial of ¶¶ 40-41); 27, 28, 29-30 (no discussion regarding denial of  ¶¶ 49-52, 55, 56, 58, 61, part of 63, and 68(a)-(e), all drawn from written discovery responses, court records, or sworn testimony).

They "deny" a number of facts "as written," without citation to conflicting evidence or any argument that Plaintiffs' evidence is insufficient to prove the point.  *Id*. at 8 (¶ 14), 9 (¶ 21), 10 (¶ 23), 12 (¶ 27), 13 (¶ 31), 14 (¶ 36), 25 (¶ 66), 26 (¶ 45), 27 (¶ 54).

They deny all of Plaintiffs' facts numbered 37 through 41, but do not do so specifically.  As a result, Defendants fail to explain why those facts that cite only to state law or the parties' joint stipulations (¶¶ 37(a), (d)-(i), 38) are disputed.  *Id.* at 14-19.

Finally, Defendants generally object to Plaintiffs' use of City Council transcripts within the same group of facts (37-41), asserting they are "incomplete and the context is not fully appreciated." *Id.* at 18.[2]  But Defendants inexplicably decline to provide the missing pieces they claim are needed to help the Court "fully appreciate" the context of excerpted statements.

None of these denials are sufficient as a matter of law to put Plaintiffs' facts in dispute. Fed. R. Civ. P. 56(c).  This Court should deem them admitted under Local Rule 56.2.

Subtracting Defendants' express and implicit admissions leaves only Defendants' objections to Plaintiffs' facts numbered 10-13, 32, 33, 37 (b)-(c) and (i), 65-67, and 68(f).

### b.  Defendants' Evidentiary Objections Are Improper and Immaterial

Defendants' remaining objections to Plaintiffs' facts are founded on a variety of evidentiary objections, which can be grouped into objections to 1) "unsworn expert reports," 2) hearsay, 3) relevance, and 4) Plaintiffs' Exhibit 19.  For one or more of these reasons, Defendants challenge Plaintiffs' exhibits numbered 3, 4, 6, 7, 8, 10, 12, 15, 19, 21, 26, 29, and 33.

As an initial matter, none of these objections are properly raised under Rule 56(c).  Under Rule 56(c)—as amended in 2010— Defendants' evidentiary arguments should be assertions that "the material cited to support or dispute a fact *cannot be* presented in a form that *would be* admissible in evidence."  Fed. R. Civ. P. 56(c)(3) (emphasis added); Rule 56 2010 Advisory Committee Notes (discussing addition of subsection (c)).  Defendants' exceptions are not so limited; rather, Defendants' objections all only assert that certain evidence is not now in admissible form.  There is *no* assertion that Plaintiffs' evidence *cannot be* presented in admissible form.

The two Fifth Circuit cases Defendants cite for the proposition that evidence supporting a motion for summary judgment must be in admissible form are not good law.  They predate the

---

[2] Defendants' transcript objection is expressly aimed at facts 37 through 41, but presumably only applies to fact number 39, which is the only one among those that cites to Council transcripts.

2010 Rule 56 amendments.  Rec. Doc. 255 at 1 (citing cases from 1991 and 2001).  The Fifth Circuit's recent statements, in contrast, make clear that a district court errs if it rejects evidence at summary judgment because it is currently inadmissible without considering whether the evidence *could be* presented in admissible form.  *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 354 (5th Cir. 2017), *as revised* (July 5, 2017) (reversing grant of summary judgment where district court "did not make a finding that the [opposing party's unsworn] report could not be placed in admissible form."); *see also*, *e.g.*, *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.' Fed. R. Civ. P. 56(c)(2).").

### i. Plaintiffs Submitted No Expert Reports

Defendants object that Exhibits 3, 4, 6, 8, 15 and 19 are "unsworn expert reports," citing in each instance the same two outdated Fifth Circuit cases.  Rec. Doc. 255 at 1, 5, 7 and 18.  These objections fail for a number of reasons.

First, none of these exhibits are expert reports, nor are they cited for opinion evidence.  Exhibits 3 and 4 are copies of annual public audits of the OPCDC's revenues and expenditures for the years 2011 and 2015.  Plaintiffs rely on these exhibits for only a handful of facts, all of which Defendants expressly admit are true, save one.  *See* Rec. Doc. 255 at 1, 8, 9 (admitting Plaintiffs' facts numbered 5, 6, 7, 16, 17).  In effect, Defendants challenge Plaintiffs' use of Exhibit 3 only for the simple fact that the Judges spent $289,567 for "Insurance" in 2011.  *Id*. at 6 (objecting to ¶ 10).[3]  Exhibit 6 is a report produced by the Louisiana Legislative Auditor in 2012.  Plaintiffs rely

---

[3]Defendant's objection to Plaintiffs use of these public audits as evidence is puzzling, in light of the fact that Defendants themselves rely on these same public audits as the best evidence of the OPCDC's revenues and expenditures.  *See*, *e.g.*, Rec. Doc. 250-2 at 56 (Exhibit List to "Judicial Defendants' Proposed Stipulations," all of which are incorporated as part of the Judges' Third Supplemental Interrogatory Responses, showing that Exhibits 1-

on this only for the Auditor's factual findings with respect to Defendants' spending on insurance premiums in the years 2009 through 2011.  *See id.* at 6 (¶ 12).  Exhibit 8 is a table showing only all OPCDC employees, their salaries, and the sources of funding for their salaries.  Plaintiffs rely on this exhibit only for a fact that, despite their evidentiary objection, Defendants expressly admit (rendering this objection moot anyway).  Rec. Doc. 255 at 2 (stating fact 22 is admitted).  Exhibit 15 is a report by the Vera Institute of Justice, which Plaintiffs cite for four facts: the number of persons ordered to pay money bail in 2015, the percentage of persons who paid through commercial sureties, the 2015 average monetary assessment at sentencing before OPCDC judges, and the 2015-2016 average detention time on a warrant for failure to pay.  *Id.* at 14 (¶¶ 32-33, 65, 68(f)).  Plaintiffs cite Exhibit 19 for the two tables attached, which reproduce in an easier-to-read form the monetary assessments imposed in 255 OPCDC cases, and provide simple mathematical inferences (sums, percentages).  None of this is opinion evidence.

Second, since the 2010 amendments to Rule 56, parties need not submit sworn affidavits in any event.  *See* Fed. R. Civ. Pro. 56 2010 Advisory Committee Notes ("A formal affidavit is no longer required."); *Lee*, 859 F.3d at 354.

Third, although, as stated, Defendants do not even argue that these exhibits "cannot be presented" in a form admissible at trial, Plaintiffs could easily do so (with no experts needed).  Plaintiffs could obtain certified copies of Exhibits 3 and 4 and submit them as public records.  Fed. R. Evid. 803(8).  Similarly, Plaintiffs could obtain a certified copy of Exhibit 6 and have it admitted as a public record.  *Id.*  Plaintiffs could obtain a copy of Exhibit 8 from the OPCDC Defendants (who created it, and the 2011 version, which Plaintiffs received from the City and also submitted in support of the Motion, as Exhibit 9), determine the records custodian, and submit it as a business

---

4 are excerpts from the 2012-2015 public audits).  These same excerpts are also *all* that Defendants gave Plaintiffs in discovery in response to requests for OPCDC budget information.

record.  Fed. R. Evid. 803(6).  Plaintiffs could call the authors of Exhibit 15 to testify to the facts

therein.  Plaintiffs could have the charts included in Exhibit 19 admitted under Federal Rule of

Evidence 1006,[4] and call Lauren Schlansky to testify as to her preparation of the tables.

Alternatively, Plaintiffs could obtain certified copies of each of the 255 dockets summarized in

Exhibit 19, submit them as public records, and cite to those and the "Court Cost Breakdowns"

cited in the same exhibit for the same information summarized in the tables.  (Indeed, if discovery

were to reopen, Plaintiffs are already owed complete copies of all those case files, as described in

Exhibit 19.)

For all of these reasons, Defendants' objections to Exhibits 3, 4, 6, 8, 15, and 19 as

"unsworn expert reports" must be overruled.

## ii.   Plaintiffs Do or Could Present "Hearsay" Evidence in Admissible Form

Defendants object to Plaintiffs' use of Exhibits 6, 7, 10, 12, 15, 21, 26, 29, and 33 in whole

or in part, on hearsay grounds.  These objections fail for a variety of reasons particular to each.

Defendants' objection to Exhibits 10 and 12 is moot, as they expressly admit to the only fact for

which these exhibits are cited.  *See* Rec. Doc. 255 at 10 (¶ 23).  Plaintiffs could present Exhibits 6

and 15, and/or the information contained therein, in admissible form as described above.  Exhibit

7 is a newspaper article quoting an advertisement taken out in the same paper by Defendant Buras;

Plaintiffs could obtain a copy of Defendant Buras's ad and the same information would be

admissible as a party admission.  Fed. R. Evid. 801(d)(2).[5]  Similarly, the author of Exhibit 26, a

---

[4] Federal Rule of Evidence 1006, titled "Summaries to Prove Content," states: "The Proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.  And the court may order the proponent to produce them in court."

[5] Defendants also ask the Court to strike Plaintiffs' fact number 13 as "immaterial, impertinent, or scandalous," in the belief that it "can only have been included for an improper purpose with the intent to embarrass a judge who does not deserve it."  Rec. Doc. 255 at 5,7.  The relevance of this statement is addressed below.  *See* Part III(b)(iii).

newspaper article, could be called to testify as to what Defendants Flemings-Davillier and Hunter said (as quoted in the article), and Defendants' statements would then be admissible as party admissions.  *Cf. Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991).  Former OPCDC Judge Calvin Johnson could be called to testify as to his own statements in Exhibit 33.[6]

Exhibits 21 and 29 are not now hearsay because Plaintiffs do not rely upon them for the truth of the matter asserted in the statements quoted.  *See* Fed. R. Evid. 801(c).  Exhibit 21 is an excerpt from a City Council hearing; Defendants object that one Councilmember's statement is hearsay.  Exhibit 29 is a letter sent from the District Attorney of Orleans Parish to the Attorney General of Louisiana, discussing the Judges' generation and use of Judicial Expense Fund money.  Plaintiffs cite both these statements only to show that the Councilmember and the D.A. expressed concerns about the statutory scheme funding the OPCDC and the Judges' practices (which is good evidence that both created a public appearance of impropriety).  Plaintiffs do not rely on these exhibits to show that the factual assertions or opinions therein are true, thus they are not hearsay.

       iii.   <u>Plaintiffs' Evidence is Relevant</u>

Defendants also object to Plaintiffs' assertion of many facts on grounds that they are irrelevant or immaterial.  Rec. Doc. 255 at 2-5, 13, 18-19, 25, 31.

---

And this evidence is not intended to embarrass Defendant Buras; to the contrary, Plaintiffs suppose Defendant Buras should be proud of her effort to address the public appearance of impropriety.

[6] Ultimately, Plaintiffs believe that the information contained in each of these exhibits is relevant to Plaintiffs' claims, but none of this is dispositive.  All of this evidence is offered in support of Plaintiffs' structural due process claims, in Counts Four and Five.  As discussed in Plaintiff's brief, this Court should rule for Plaintiffs on both Counts looking only to the undisputed evidence that 1) Defendants have discretion as to Cost collections and bond-setting; 2) they have broad executive authority over the Costs and Bond Fee funds that they collect and receive as a result of those decisions; and 3) the amounts collected and received are not *de minimis*.  That is enough.  To the extent this Court finds the information contained in any of these exhibits material to its decision on the motions, and this Court is uncertain as to whether that evidence could be presented in admissible form, this Court should grant Plaintiffs an opportunity to remedy any defects.  *See* Fed. R. Civ. P. 56(d)-(e); Third Kelley Declaration, Rec. Doc. 259-2 ¶ 19.

Most of Defendants' general relevance objections stem from their erroneous rejection of federal jurisprudence establishing that structural institutional conflicts of interest violate due process. *Compare*, *e.g.*, Rec. Doc. 256 at 5 (conceding that a judge's use of funds received pursuant to cases before her for "something personal" is unconstitutional but denying that use of such funds in an executive capacity for court-related expenditures raises a constitutional concern), *with* Rec. Doc. 251-1 at 39-43 (Plaintiffs' Memorandum in Support of Partial Summary Judgment) (discussing structural conflicts of interest as a violation of due process). As discussed in Plaintiffs' brief in support of the Motion, evidence that an average person, in Defendants' position, might be tempted to forget the balance between justice and the person's own interests is enough to show a violation of due process. *Id*. Under longstanding doctrine that Plaintiffs and this Court have already explained in this case, evidence that a decision-maker wields broad executive control over funds at issue in matters before her, and that the resulting funds are not *de minimis*, is enough. *Id*. Beyond that, any evidence that clarifies the *actual* temptations presented to a decision-maker (*i.e.*, the temptation to keep up revenue in order to support colleagues) or that shows an *actual* effect of such temptations on decision-making (*i.e.*, a concerted effort to increase Costs assessment and collection) is relevant and may be considered. Similarly, evidence that the conflict at issue creates an appearance of impropriety (*e.g.*, Rec. Doc. 251-2 ¶¶ 11, 13, 70) is relevant to showing that an average person might be unconstitutionally tempted.

Defendants also generally object that "[f]acts relating to so-called … debt collection are not material, as they are moot." Rec. Doc. 255 at 24. Defendants' challenge to Plaintiffs' claims does not make facts in support of those claims irrelevant or inadmissible.

Defendants also specifically argue that Plaintiffs' facts 66 and 67 are irrelevant because they "relate to Count Seven … and do not involve a claim against the Judicial Defendants." Rec.

Doc. 255 at 25. These facts are relevant to Plaintiffs' claims against the OPCDC Defendants, as discussed in Plaintiffs' memorandum in support of the Motion at pp. 34, 35, 52, 56, 57.

### iv.   Plaintiffs' Exhibit 19 Is Competent Evidence

Defendants raise a barrage of objections to Plaintiffs' Exhibit 19 and the facts that rely upon it under the headline "Evidence Does Not Establish Facts." Rec. Doc. 255 at 14-18. Two of these—that the exhibit is an "unsworn expert report" and that the evidence is irrelevant—are addressed above. The remainder go, in various ways, to the "methodology" underlying preparation of Exhibit 19, including a suggestion that the Court should apply the test established by *Daubert v. Merrell Pharmaceuticals Inc.*, 509 U.S. 579 (1993). *Id.* at 15 n. 1.[7]

Defendants make a mountain of a molehill, and they fail to produce any evidence refuting the facts described in Exhibit 19 (despite having access to the same records, and more). No expert in statistics is needed because Plaintiffs have never asserted that their review of 255 individual cases has statistical significance. Nor do they assert any other opinion through Exhibit 19. The *Daubert* test is thus inapplicable. Plaintiffs rely on Exhibit 19 only for the summary of hard, unambiguous—and uncontroverted—facts that the tables within it convey, *i.e.*, the monetary assessments imposed at sentencing in 255 cases before OPCDC judges.[8] This information could easily be submitted at trial in admissible form, as described above, pursuant to Federal Rule of Evidence 1006. Alternatively, Plaintiffs could obtain certified copies of each of the 255 dockets

---

[7] Again, there are numerous inaccuracies in this section, but none of them material. Notably, Plaintiffs' summary process and the choices involved therein are recounted in detail in the Second Kelley Declaration. Rec. Doc. 251-1 at 253-55.

[8] Contrary to Defendants' assertions, the presiding judges in each case can be determined from the table, either by opening the case using the case number provided, and/or simply referencing the judge sitting in each section at the sentencing date. Further, as the Court may recall, it is at the Defendants' own insistence that the parties bring proofs that are general to "OPCDC judges" rather than defendant by defendant. *See*, *e.g.*, Rec. Doc. 192-1 at 16 (motion to compel). And it is at the Defendants' own insistence that Plaintiffs are drawing evidence from a sample subset of cases. *See*, *e.g.*, Rec. Doc. 213 at 2 (letter summarizing discovery dispute).

in discovery and submit them as public records.  The Court would then be free to draw the same conclusions put forth in Plaintiffs' Statement of Facts from the evidence.  Then, and now, the Court can weigh this evidence in the balance against the *nothing* Defendants have produced to refute the facts and inferences asserted.

To the extent this Court thinks a review of more cases or statistical analysis is material to its decision on Plaintiffs' Motion, this Court should stay consideration of the Motions and permit Plaintiffs to discover information required to complete such analysis.  Fed. R. Civ. P. 56(d); *id*. 56(e); Second Kelley Decl., Rec. Doc. 251-5 at 254; Third Kelley Decl., Rec. Doc. 259-2 at 3.  As discussed in the Second Kelley Declaration, the list of 255 names was generated for the sole purpose of avoiding broader discovery.  *Id*. at 254 ¶¶ 5-7.  Defendants have never asserted, including in their Fact Response, any reason to believe the cases chosen would be anything but random with respect to the assessment practices employed within each Section.  Therefore, no further discovery should be needed.  That said, as discussed in the Second and Third Kelley declarations, Plaintiffs initially requested but have been unable to pursue discovery of any other cases (or even to complete discovery of these cases).  Plaintiffs are ever willing to review more cases should this Court find that necessary.

c. **Defendants' New Evidence Does Not Contradict Plaintiffs' Facts**

Although nowhere discussed in their Opposition, Defendants filed four new pieces of evidence as attachments to their Fact Response: 1) an affidavit from Defendant Kazik; 2) an excerpt from the Supreme Court of Louisiana's 2012 Annual Report; and 3) transcripts of Plaintiffs Cain and Brown's sentencing proceedings.  None of this information controverts Plaintiffs' facts.

The affidavit and annual report are not expressly addressed to any one fact in Plaintiffs' Statement of Facts; rather, Defendants offer them in support of an argument that the "Indigent

Transcript Fund and assessments related to it are not material to the issues." Rec. Doc. 255 at 18. Defendant Kazik's affidavit describes how the Judges choose to use the money that they assess for the Indigent Transcript Fund "from court costs assessments (where the Fund receives $14.50) and direct assessments." Rec. Doc. 255-1 at 3 ¶ 5. The annual report is cited for the number of appeals ("writs") filed to the appellate court with jurisdiction over the OPCDC and courts in two other parishes. Nothing in these exhibits controverts Plaintiffs' evidence that the amount and use of the "direct assessments" involved, which the Judges choose to assess pursuant to La. Code of Crim. Pro. Art. 887(A), are wholly within the Judges' discretion, *see* Rec. Doc. 251-2 ¶ 37(a), and that these assessments increased exponentially in every Section beginning in 2013, *id.* ¶ 37 (f)-(h). These unconverted facts are relevant for the reasons discussed above.

The sentencing transcripts of Plaintiffs Cain and Brown are also not expressly addressed to any of Plaintiffs' facts; Defendants offer them to show that "the named plaintiffs" did "receive notice of their obligations to go to court if … they were unable to pay." Rec. Doc. 255 at 25. The evidence provided is insufficient to show even Defendants' asserted fact—it is silent with respect to named Plaintiffs Maxwell and Variste. Moreover, the evidence offered as to the "notice" Plaintiffs Cain and Brown received, even if accepted as legally sufficient "notice," does not show that either had notice that their ability to pay was at issue and a meaningful opportunity to be heard subsequent to the due dates of their first payments. Defendants' evidence does not controvert the fact that the next message Plaintiffs Cain and Brown received from the OPCDC was a "Payment Notice" that said, on this point, only "If payment is not received by 3:00 p.m., a warrant will be issued for your arrest."   Rec. Doc. 251-2 ¶ 52; *see also* ¶¶ 54-56.

## III.    CONCLUSION

As discussed in Plaintiffs' memorandum in support of their Motion, Rec. Doc. 251-1, Plaintiffs are entitled to summary judgment on Counts One, Two, Four, Five, Six and Seven of their Second Amended Complaint.  Defendants' Opposition and Facts Response fail to show any dispute of material fact or reason why Plaintiffs are not legally entitled to summary judgment.

Respectfully,

*/s/ Bill Quigley*

William P. Quigley
La Bar No. 7769
7214 St. Charles Ave.
Campus Box 902
New Orleans, LA 70118
(504) 710-3074 (c)
quigley77@gmail.com

*/s/ Anna Lellelid*

Anna Lellelid-Douffet
La Bar No. 35204
PO Box 19388
New Orleans, LA 70179
(504) 224-9670 (c)
lellelid.law@gmail.com

*/s/ Alec Karakatsanis*

Alec Karakatsanis (D.C. Bar No. 999294)
(Appearing *Pro Hac Vice*)
Civil Rights Corps
910 17th Street, N.W., 5th Floor
Washington, DC 20006
(202)-681-2409
alec@civilrightscorps.org

*/s/ Jon Greenbaum*
*/s/ Mateya Beth Kelley*

Jon Greenbaum (D.C. Bar No. 489887)
Mateya Beth Kelley (N.Y. Bar Reg. 5270400)

(Appearing *Pro Hac Vice*)
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave NW Suite 400
Washington, DC 20005
(202) 662-8315
jgreenbaum@lawyerscommittee.org
mkelley@lawyerscommittee.org

*/s/ Jonathan P. Guy*
_____

Jonathan P. Guy (D.C. Bar No. 449031)
 (Appearing *Pro Hac Vice*)
Orrick, Herrington & Sutcliffe, LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8516
jguy@orrick.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2017 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/*      Mateya Beth Kelley
_____