UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, ET AL. ) | CIVIL ACTION No. 15-4479 |
| ) | (CLASS ACTION) |
| V. ) | |
| ) | JUDGE VANCE |
| THE CITY OF NEW ORLEANS, ET AL ) | |
| ) | MAGISTRATE WILKINSON |

**Memorandum In Support of Defendants' Motion for Summary Judgment on Count 6**

**May It Please The Court:**

### I.     Introduction

The Judicial Defendants[1] seek dismissal of Count 6.  As there are no facts in dispute and the applicable law is clearly in defendants' favor, summary judgment is warranted and Count 6 should be dismissed with prejudice.

### II.     Background

The Judicial Defendants rely on their contemporaneously submitted Statement of Material Facts. The Judicial Defendants also provide a brief summary of the procedural and factual background below.

#### *a.  Procedural history*

Judicial Administrator Robert Kazik and the Orleans Parish Criminal District Court have both previously been dismissed and are no longer part of this litigation. Following a lengthy

---

[1] Honorable Judge Laurie A. White, Honorable Judge Tracey Flemings-Davillier, Honorable Judge Benedict Willard, Honorable Judge Keva Landrum-Johnson, Honorable Judge Robin Pittman, Honorable Judge Byron C. Williams, Honorable Judge Camille Buras, Honorable Judge Karen K. Herman, Honorable Judge Darryl Derbigny, Honorable Judge Arthur Hunter, Honorable Judge Franz Zibilich, and Magistrate Judge Harry Cantrell.

{00751985 - v2}                                                          1

motion practice in which cross-motions for summary judgment were filed by plaintiffs and the various defendants, the Court ruled that plaintiffs were not entitled to summary judgment on Count 6. *See* Doc. 279. Regarding the other Counts at issue, the Court ordered that the parties file motions on the remaining issues, which included Count 6 of plaintiffs' Second Amended Class Action Complaint. *See* Doc. 287. The remaining Judicial Defendants submit this summary judgment motion on Count 6 pursuant to the Court's Order.

### b. Count 6

Count Six alleges that the Judicial Defendants' use and/or threats of jail violate plaintiffs' equal protection rights because the practice imposes unduly harsh and punitive restrictions on debtors whose creditor is the government versus debtors owing money to private creditors. *See* Doc. 153-4, Second Amended Class Action Complaint at p.60 at ¶¶204; *see also*, Plaintiffs' Motion for Summary Judgment, Doc. 251-1 at p.13, 44-48. Specifically, Count Six states that:

> The Defendants' Use of Jail and Threats of Jail to Collect Debts Owed to the Defendants Violates Equal Protection Because it Imposes Unduly Harsh and Punitive Restrictions on Debtors Whose Creditor is the Government Compared to Those Who Owe Money to Private Creditors (Orleans Parish Criminal District Court, for damages, injunctive and declaratory relief; Robert Kazik, in his official and individual capacities, for damages, injunctive and declaratory relief; the Judges of the OPCDC, in their official capacities for declaratory relief).
>
> 204. The Supreme Court has held that, when a government seeks to recoup costs of prosecution from indigent defendants—for example, the cost of appointed counsel—it may not take advantage of its position to impose unduly restrictive methods of collection solely because the debt is owed to the government and not to a private creditor. The OPCDC Defendants take advantage of their control over the machinery of the court, jail, and police systems to deny debtors the statutory protections that every other Louisiana debtor may invoke against a private creditor. This coercive policy and practice constitutes invidious discrimination and violates the fundamental principles of equal protection of the laws.

*See* Doc. 153-4, p.60 at ¶¶204.

### III. Law

#### a. Standard of Review

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party demonstrates "the absence of a genuine issue of material fact . . . the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*quoting Celotex*, 477 U.S. at 323, 325). Although the Court views the facts in the light most favorable to the non-moving party, it does so "only 'when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016). Moreover, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 276.

#### b. Articles at Issue

With respect to a private creditor seeking to enforce a civil judgment against a debtor, the following article applies:

LSA-C.C.P. Art. 225: Same; procedure for punishing

A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt. A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice why he should not be

found guilty of contempt and punished accordingly. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge. Such notice from the court of appeal may be sent by registered or certified mail or may be served by the sheriff. In all other cases, a certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule.

B.  If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.

Regarding criminal defendants in contempt proceedings, the following article applies:

LSA-C.Cr.P. Art. 24: Procedure for Punishing Constructive Contempt

A. When a person is charged with committing a constructive contempt, he shall be tried by the judge on a rule to show cause alleging the facts constituting the contempt. The rule may be issued by the court on its own motion or on motion of the district attorney.

B. A certified copy of the motion and of the rule shall be served on the person charged in the manner of a subpoena not less than forty-eight hours prior to the time assigned for trial of the rule.

C. A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice, why he should not be found guilty of contempt and punished accordingly. Such notice may be sent by certified or registered mail or may be served by the sheriff. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge.

D. If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed.

Amended by Acts 1984, No. 530, § 1.

Notably, the Editor's Notes and Official Revision Comment of 1966 state the following for this article (emphasis added):

{00751985 - v2}                                4

    (a) Art. 11 of the 1928 Code stated only the general rule that punishment for contempt committed outside the presence or hearing of a court could not be imposed except after a hearing on a rule to show cause, served at least twenty-four hours before the hearing. The above **Art. 24 follows C.C.P. Art. 225** and its requirement that the rule and motion be served at least forty-eight hours before trial of the rule.

    (b)  As pointed out by the Comments to C.C.P. Art. 225, the provisions of this article contemplate a trial by the judge alone.

### IV. Practice of the Judicial Defendants Does Not Violate Equal Protection (Count 6)

While plaintiffs allege that the Judicial Defendants' methods of debt collection violates plaintiffs' constitutional right because the court (a government agency) allegedly uses harsher debt collection measures than those available to and utilized by private creditors, in fact both the private and government debt collection rules contain similar procedural protections, including the requirement that a judge issue a rule to show cause and give adequate notice, with the requirement for issuance of a formal order if a judge holds a defendant in contempt.  Plainly, the Judicial Defendants' debt enforcement practice is no harsher than that employed by private creditors; Count 6 against the Judicial Defendants should accordingly be dismissed.

    The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The central purpose of the Clause "is to prevent the States from purposely discriminating between individuals on the basis of race." *Shaw v. Reno,* 509 U.S. 630, 642, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993) (citing *Washington v. Davis,* 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976)). To state an Equal Protection claim, a plaintiff must show that a "challenged government action classifies or distinguishes between two or more relevant groups." *Cornerstone Christian Schools v. Univ. Interscholastic League,* 563 F.3d 127, 139 (5th Cir.2009) (quoting *Qutb v. Strauss,* 11 F.3d 488, 492 (5th Cir.1993)). A violation of the Equal

Protection Clause can be shown when: (1) a law or policy explicitly classifies on the basis of race; (2) a facially neutral law or policy is applied differently on the basis of race; or (3) a facially neutral law or policy that is applied evenhandedly is motivated by discriminatory intent and has a racially discriminatory impact. *Doe v. Lower Merion Sch. Dist.,* 665 F.3d 524, 543-45 (3d Cir. 2011).

It is anticipated that Plaintiffs will attempt to show discrimination on the face of the Louisiana statutory framework for contempt proceedings. *See, e.g.*, *Lewis v. Ascension Par. Sch. Bd.*, 72 F. Supp. 3d 648, 662-63 (M.D. La. 2014) (distinguishing explicit classification from discriminatory application of facially neutral law); *see also Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 543-45 (3d Cir. 2011) (same). It is further anticipated that Plaintiffs will principally rely on *James v. Strange*, 407 U.S. 128 (1972), where the Supreme Court addressed a Kansas recoupment statute that allowed the state to "recover in subsequent civil proceedings counsel and other legal defense fees expended for the benefit of indigent defendants." *Id.* at 128. The statute excluded these indigent defendants from "the array of protective exemptions Kansas has erected for other civil judgment debtors," such as "the exemption of his wages from unrestricted garnishment." *Id.* at 135. The Court struck down the statute as "embod[ying] elements of punitiveness and discrimination which violate the rights of citizens to equal treatment under the law." *Id.* at 142.

As it applies to this case, the Judicial Defendants' protocol assailed by plaintiffs is not discriminatory since the statutory procedures for contempt proceedings are essentially the same for both civil and criminal defendants, discussed below.

Louisiana has abolished the writ of *capias ad satisfaciendum*, which allowed a private creditor to imprison a debtor until her judgment was satisfied. *See* La. Rev. Stat. § 13:4281

(abolishing writ); *Capias*, Black's Law Dictionary (defining *capias ad satisfaciendum* as "[a] post-judgment writ commanding the sheriff to imprison the defendant until the judgment is satisfied"). A private creditor seeking to enforce a judgment against a debtor may now seek contempt of court. A debtor in that situation is afforded various procedural protections under Louisiana law. For example, the court must issue a rule "to show cause why [the debtor] should not be adjudged guilty of contempt"; this rule to show cause must be served on the debtor at least 48 hours before trial; and if the court finds the debtor guilty, it must issue "an order reciting the facts constituting the contempt." La. Code Civ. Proc. art. 225.

By law, criminal defendants possess similar procedural protections in contempt proceedings: the judge must issue a rule to show cause; this rule must be served on the criminal defendant at least 48 hours before trial; and if the court finds the defendant guilty, it must issue "an order reciting the facts constituting the contempt." La. Code Crim. Proc. art. 24. Thus, the statutory procedures for contempt proceedings are essentially the same for both civil and criminal defendants, there is no discrimination on the face of these statutes, and summary judgment should be granted for the Judicial Defendants as to Count 6.

### V. Conclusion and Relief Requested

The debt enforcement procedures as used by the Judicial Defendants do not violate Equal Protection by virtue of the similar—indeed, virtually identical—procedural protections provided by LSA-C.C.P. Art. 225 and LSA-C.Cr.P. Art. 24. The material facts and controlling law necessary for this Court to rule on the motion as to Count 6 are not in dispute, and further discovery will do nothing to clarify those facts or law.

Wherefore, the Judicial Defendants pray that their motion for summary judgment be granted, and that Count 6 be dismissed with prejudice.

Respectfully submitted,

/s/ Erika M. Cunningham

**Burglass and Tankersley, LLC**
Dennis J. Phayer (#10408) (T.A.)
dphayer@burglass.com
Erika M. Cunningham (#31890)
ecunningham@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0412
Fax: (504) 287-0452
*Attorneys for:* Honorable Judge Laurie A. White, Honorable Judge Tracey Flemings-Davillier, Honorable Judge Benedict Willard, Honorable Judge Keva Landrum-Johnson, Honorable Judge Robin Pittman, Honorable Judge Byron C. Williams, Honorable Judge Camille Buras, Honorable Judge Karen K. Herman, Honorable Judge Darryl Derbigny, Honorable Judge Arthur Hunter, Honorable Judge Franz Zibilich, and Magistrate Judge Harry Cantrell

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2018, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

/s/ Erika M. Cunnningham