UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, ET AL. ) | CIVIL ACTION No. 15-4479 |
| ) | (CLASS ACTION) |
| V. ) | |
| ) | JUDGE VANCE |
| THE CITY OF NEW ORLEANS, ET AL ) | |
| ) | MAGISTRATE WILKINSON |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO CERTIFY A CLASS**

**May It Please The Court:**

### I. Introduction

Plaintiffs seek to certify a class (Doc. 296-1). The Judicial Defendants[1] oppose the certification based on the broad scope of the proposed class as defined in Plaintiffs' Motion to Certify A Class. Plaintiffs seek to certify the following proposed class:

> All persons who currently owe or who will incur court debts arising from cases adjudicated in the Orleans Parish Criminal District Court.

As discussed below, Plaintiffs' motion should be denied because the proposed class definition is vague, overbroad, and amorphous.

### II. Procedural Background

There were originally seven (7) counts comprising plaintiffs' claim. Doc. 153-4. Counts 1, 2, and 4 were ruled to be moot and dismissed on summary judgment. Doc. 279, p. 47. Count

---

[1] Honorable Judge Laurie A. White, Honorable Judge Tracey Flemings-Davillier, Honorable Judge Benedict Willard, Honorable Judge Keva Landrum-Johnson, Honorable Judge Robin Pittman, Honorable Judge Byron C. Williams, Honorable Judge Camille Buras, Honorable Judge Karen K. Herman, Honorable Judge Darryl Derbigny, Honorable Judge Arthur Hunter, Honorable Judge Franz Zibilich, and Magistrate Judge Harry Cantrell.

{00758559 - v1}                                     1

3, directed solely at the Sheriff, was subsequently dismissed. Docs. 119, 123-26. Count 7, similarly directed solely at the Sheriff, has been resolved by plaintiffs' recent settlement with the Sheriff. Doc. 298. At this point, the only remaining issues between plaintiffs and the Judicial Defendants are Counts 5 and 6, which plaintiffs refer to as the "core issues" in their certification motion. Count 6, claiming purported unconstitutional disparities in how criminal versus civil debtors are treated, is borderline frivolous and is currently the subject of a defense motion for summary judgment. Doc. 295. As a practical matter, Count 5 is the only active Count: "The Defendants Violate Plaintiffs' Rights By Jailing Them For Non-Payment of Debts Without Any Inquiry Into Their Ability To Pay and in Proceedings that Otherwise Violate Basic Due Process." Doc 153-4 at ¶199-202. Based on the allegations in Count 5, a proposed class should be tailored, limited, and otherwise constricted to solely address the remaining issues of an inquiry into a person's ability to pay the costs and fees and freedom of financial conflicts by a neutral tribunal so that Due Process is not violated.

### III. Law

A proper, objectively defined class definition is "an essential prerequisite to maintaining a class action." *Roman v. ESB Inc.*, 550 F.3d 1343, 1348 (4th Cir. 1976); see also FEDERAL PRACTICE PROCEDURE § 1760; John, 501 F.3d 443 at n. 3. "[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 382 (D. Colo. 1993). Class certification should be denied where plaintiffs do not define a proper class. *Id., see also Rappaport v. Katz*, 62 F.R.D. 512-13 (S. D. N. Y. 1974).

An implicit requirement of Rule 23 is that the class sought to be certified must be "adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir.1970). A precise definition is essential to identify those entitled to notice and those bound by judgment. *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir.2004); *John v. National Security Fire and Casualty Company*, 501 F.3D 443,445 n.5 (5th Cir. 2007) ("There can be no class action if the proposed class is amorphous or imprecise"). A "definiteness" requirement is implied in Rule 23(a). *See Alliance to End Repression v. Rochford,* 565 F.2d 975 (7th Cir. 1977); *see also, DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir. 1970).

Further, as noted by the Supreme Court, the purpose of the typicality requirement is "to limit the class claims to those fairly encompassed by the named plaintiffs' claims." *Gen. Tel. Co. v. EEOC,* 446 U.S. 318, 330, 100 S. Ct. 1698, 1706 (1980). A critical element of the typicality inquiry is the principle that the alignment of the named plaintiffs' claims with those of the putative class members will permit the representatives to advance the interests of the class members as they pursue their own. See NEWBERG, § 3.13 at 3-74 to 3-76 (3d Ed. 1992); *see also Broussard v. Meineke Disc. Muffler Shops, Inc.,* 155 F.3d 331, 340 (4th Cir. 1998) ("[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class").

Further, typicality is important, not just because it is one of the mandatory prerequisites established in 23(a), but also because it is closely related to another mandatory prerequisite--adequacy of representation. The tests of typicality and adequacy of representation merge because "[i]f the representatives' claims are not typical of the class, they cannot adequately protect the interests of the absent class members." *Spivak v. Petro-Lewis Corp.,* 120 F.R.D. 693, 698 (D.Colo.1987) (citing *Kas v. Financial Gen. Bankshares, Inc.,* 105 F.R.D. 453, 461

(D.D.C.1984)); *see also Sollenbarger v. Mountain States Tel & Tel. Co.,* 121 F.R.D. 417 (D.N.M. 1988). Only when the named plaintiffs' claims are typical is there any chance that a class action will be an efficient dispute resolution mechanism or that the class representatives will have a genuine incentive to pursue the "common" class interest.

Adequacy of representation "demands that the class representative be 'squarely aligned in interest' with the absent class members. Newberg, § 3.01 at 3-5. A plaintiff cannot be an adequate class representative when facts specific to his case are disparate from other class members or create an arguable defense specific to his claim. *See e.g., J.H. Cohn & Co. v. American Appraisal Assoc, Inc,* 628 F.2d 994, 999 (7th Cir. 1980). This requirement is one of constitutional dimension. *Bartelson v. Dean Witter & Co.,* 86 F.R.D. 657, 662 (E.D. Pa. 1980). Here, as the class is currently defined, the named plaintiffs are not representative of the proposed class members.

### IV. The Proposed Class as Defined is Overly Broad And Fails to Comply with the Definiteness Requirement of Rule 23

Plaintiffs have failed to prove the requisite commonality and typicality required by Rule 23(a)(2) and Rule (23)(a)(3), respectively, because plaintiffs' description of the proposed class is so vague and overbroad that it is impossible to determine (1) if there exist questions of law and fact common to the proposed class and (2) if the plaintiffs' claims are typical of those of the proposed class. It is not surprising that the requirement of typicality and especially numerosity would be met when the class as defined is overly broad, which is why the underlying requirement of definiteness and tailoring of a class must be considered. Again, the proposed class should be strictly circumscribed to encompass ***only*** those persons who are unable to pay court costs, fees, and fines imposed by a tribunal lacking neutrality. As written, the proposed

class does not comply with Rule 23 nor is it adequately tailored to address the remaining issues in this litigation.

Plaintiffs may argue that the inclusion of certain individuals, as discussed below, does not cause the class to fail. However, the purpose of a class action and the importance of defining a class properly must not be lost in the dispute to seek redress for injury. There are limits on class certification, and there are protections that must be asserted through proper application of Rule 23 so that the class ultimately certified is not watered down by the inclusion of numerous individuals not legitimately included within the scope of the proposed class.

    *(a)*    *The Proposed Class Sets No Time Limits*

Plaintiffs' proposed class provides no time period as to when the persons in the proposed class must have incurred their debts. The named plaintiffs incurred their debts in connection with guilty pleas entered at the earliest in 2011. Doc. 248 ¶14. Discovery in this matter has been limited to documents and information after January 1, 2010, which includes plaintiffs seeking, in their own discovery requests, information after January 1, 2010. In fact, all evidence which the parties have referenced throughout their various motions related to costs and fees and related to the purported "scheme" by the various defendants is post-2011.

Further, as to the Judicial Defendants, none of them were on the bench when the Collections Department was created in the 1980's, none were on the bench prior to 1996, and most did not take the bench until the 2000's. Doc 248 at ¶¶19-20. Thus, to the extent of the named defendant judges at issue in this case, and especially as to the remaining Count 5 issue, any class must be limited to a period after 2011.

Based on the information exchanged in this litigation and the assertions made by plaintiffs, the failure of the proposed class to include any time parameter is a failure which prevents the certification of the class as proposed.

### (b) *"Court Debts" Is Not Defined*

Plaintiffs do not define, describe, identify, or properly delineate which "court debts" are contemplated within the proposed class. As proposed, the class would include those owing restitution, which is not a fee or cost at issue in this case. Further, it appears that fines, which are not a fee or cost implicated in this case and which none of the named plaintiffs were assessed, is subject to the proposed class. The failure of the proposed class to define or delineate which "court debts" are at issue precludes certification of the class proposed by plaintiffs.

### (c) *The Proposed Class Includes Individuals Who Are Not Indigent*

The thrust of plaintiffs' lawsuit is that indigent individuals are being used, abused, and misused by the Judicial Defendants and their unconstitutional schemes and protocols. All of the plaintiffs herein were determined to be indigent, which is important to the remaining issue of inquiry into a person's ability to pay the court costs and fees. Doc. 228 at p. 6. Plaintiffs' motion posits that the purported policies and practices of collecting court debts violate the Fourteenth Amendment and Due Process Clause. As written, the proposed class includes individuals who are not indigent and are fully capable of paying costs and fees assessed by the Court. The proposed class is not limited to the "impoverished court debtors" discussed at length in plaintiffs' motion. Doc 296-1 at p. 8. The Fourteenth Amendment is not violated in cases involving non-indigents, and their inclusion in the proposed class prevents its certification.

### (d) The Proposed Class Includes Individuals Who Have Been or Will Be Questioned Regarding Their Ability to Pay

Lastly, the proposed class includes individuals of whom inquiries into their ability to pay have been or will be made. The instant action purportedly involves assessments of fines, fees, and/or costs where no inquiry was made into the plaintiffs' ability to pay. Doc. 95-3 at pp. 6-24, Doc. 95-4 at pp. 11-25, Doc. 95-6 at pp. 8-14, Doc. 95-8 at pp. 8-16, Doc. 95-7 at pp. 6-12, and Doc. 95-5 at pp. 36-52. The claimed failure of the Judicial Defendants to inquire into a person's ability to pay is the basis for Count 5's assertion that there is a Fourteenth Amendment violation, as found by this Court. Doc. 279 at p. 61. Plaintiffs seek "a declaration that court debtors cannot be arrested for non-payment without an opportunity to be heard and an inquiry into their ability to pay…" Doc. 296-1 at p. 19. If inquiry is made, however, there is no Fourteenth Amendment violation. Thus, the proposed class as written includes persons who the Judicial Defendants in fact *did* inquire as to the ability to pay and includes future persons who the Judicial Defendants *will* inquire into their ability to pay.

### V. Rule 23(b)(2) Certification Is Improper Because Monetary Damages Predominate Over Any Corresponding Injunctive Relief

"The mere recitation of a request for declaratory relief cannot transform damages claims into a Rule 23(b)(2) class action." *Bolin v. Sears, Roebuck & Co.,* 231 F.3d 970, 978 (5th Cir. 2000). The Fifth Circuit and other appellate courts agree that a putative class should not be certified pursuant to Rule 23(b)(2) when, as here, monetary damages predominate over injunctive or declaratory relief. *Allison, et al. v. Citgo Petroleum Corp.,* 151 F.3d 402, 413 (5th Cir. 1998); *see also Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.), *cert denied,* 531 U.S. 957, (2000); *Maldonado v. Ochsner Clinic Found.,* 493 F.3d 521 (5th Cir. 2007). In their amended complaints and throughout the litigation, the relief sought by plaintiffs is a request for

proper compensation for apparent court debts that were charged by an allegedly impartial court system and jail time for the failure to pay those court debts. No matter how Plaintiffs characterize their requested relief in their Motion to Certify Class, the actual remedy is predominately *money damages.*

"[M]onetary relief 'predominates' under Rule 23(b)(2) ... when the monetary relief ... is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case." *Allison,* 151 F.3d at 413. As further explained by the Fifth Circuit in *Allison,* "[l]iability for ...damages [incidental to injunctive relief] should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex, individualized determinations." *Allison,* 151 F.3d at 415.

There are good reasons why the (b)(2) class vehicle is not appropriate when the putative class members seek a monetary award. The requirement that injunctive and/or declarative relief predominate over monetary damages ensures the cohesiveness of a Rule 23(b)(2) class. As the Fifth Circuit observed in *Allison,* "The underlying premise of the (b)(2) class --that its members suffer from a common injury properly addressed by class-wide relief --begins to break down when the class seeks to recover...forms of monetary relief to be allocated based on individual injuries." *Id.* In this instance, the individual injuries are the costs and fees incurred by purportedly indigent persons and jail time for failure to pay those costs and fees, and the other important part a specific analysis of the actual costs and fees which were assessed against each individual.

The "predomination test" set forth by the Fifth Circuit in *Allison* and subsequent cases effectively fixes the burden upon the party seeking certification to establish that the injunctive or

declaratory relief sought clearly predominates over the monetary relief. The imposition of such a burden "serves essentially the same functions as the procedural safeguards and efficiency and manageability standards mandated in (b)(3) class actions." *Allison,* 151 F.3d at 414-15.

Here, the monetary relief envisioned by Plaintiffs is neither a group remedy nor incidental to corresponding injunctive relief, but rather would depend on the specifics of each person's costs and fees that they incurred and time spent in jail for failure to pay those costs and fees, among others. There is no group remedy here for the purportedly unfair costs and fees and improper jail time for failure to pay other than ordering the defendants to reimburse the court costs and fees and/or pay the class for their individualized damages claims. And that remedy is in no way a declaratory or injunctive remedy.

Additionally, the proposed class (as written) is not cohesive because any alleged conduct by Judicial Defendants does not affect all class members in the same way. As noted above, some putative class members are not indigent, and others may have been subject to inquiry as to their ability to pay.

While Plaintiffs may argue that these factors impact only the amount of damages, in reality individualized hearings would be required before the very existence of liability could be determined (i.e. whether inquiry was made by a Judge as to a person's ability to pay the fees and costs), thereby rendering class certification inappropriate at this time. "Liability for 'incidental damages' should not require additional hearings to resolve the disparate merits of each individual's case: it should neither introduce new and substantial legal or factual issues, nor entail complex, individualized determinations." *Allison,* 151 F.3d at 415. For all of these reasons, Rule 23(b)(2) certification is inappropriate.

## VI. Conclusion and Relief Requested

The class proposed by plaintiffs is overly broad and vague and thus fails to comport with the requirements of Rule 23. The only issues raised in plaintiffs' motion are "that Defendants' system-wide policies and practices of using jail and threats of jail to collect court debts from individuals violates the Due Process Clause of the United States Constitution both because of insufficient protections and findings concerning ability to pay and because of Defendants' financial conflict of interest in the outcome of the proceedings." Doc. 296-1 at p.1. To address these remaining issues, the proposed class must be better tailored and more tightly defined.

Accordingly, the Judicial Defendants urge the Court to deny plaintiffs' certification motion. Should the Court decide that the facts and law warrant a more properly drafted class, the Judicial Defendants would suggest that such class be carefully tailored to address and remedy the deficiencies in plaintiffs' current proposed class definition, as noted herein, which have led to an overly broad and vague class.

Respectfully submitted,

/s/ Erika M. Cunningham

**Burglass and Tankersley, LLC**
Dennis J. Phayer (#10408) (T.A.)
dphayer@burglass.com
Erika M. Cunningham (#31890)
ecunningham@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0412
Fax: (504) 287-0452
*Attorneys for:* Honorable Judge Laurie A. White, Honorable Judge Tracey Flemings-Davillier, Honorable Judge Benedict Willard, Honorable Judge Keva Landrum-Johnson, Honorable Judge Robin Pittman, Honorable Judge Byron C. Williams, Honorable Judge Camille Buras, Honorable Judge Karen K. Herman,

Honorable Judge Darryl Derbigny, Honorable Judge Arthur Hunter, Honorable Judge Franz Zibilich, and Magistrate Judge Harry Cantrell

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2018, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

/s/ Erika M. Cunnningham
_____