IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| ALANA CAIN, et al. )<br>  )<br>  Plaintiffs, )<br>  )<br> v. )<br>  )<br> CITY OF NEW ORLEANS, et al. )<br>  )<br>  Defendants. )<br>  ) | Case No. 15-4479-SSV-JCW<br><br>Judge Sarah S. Vance, Sec. R<br>Mag. Judge Joseph C. Wilkinson, Div. 2<br>(Class Action) |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS
IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT SIX**

As required by Local Rule 56.2, Plaintiffs submit this statement of material facts in response to "Defendants' Statement of Undisputed Material Facts Supporting Their Motion for Summary Judgment," Rec. Doc. 295-2. As described more fully in Plaintiffs' accompanying memorandum of law, because of the unusual procedural posture of this case, Plaintiffs have not yet had an opportunity to conduct full discovery. Therefore, Plaintiffs are unable to provide a complete list of material facts that undisputedly support Plaintiffs' claims (or, at a minimum, are disputed with Defendants). Based on the undisputed facts already known without the opportunity for full factual development, Plaintiffs submit as follows:

1. Plaintiffs agree with and stipulate to Defendants' first numbered fact: "Procedural protections for both private and government debt collection include the requirement that a judge issue a rule to show case, adequate notice, and the requirement for an order if a judge were to find a defendant in contempt. *See* La. Code Civ. Proc. art 225 and La. Code Crim. Proc. art. 24." Rec. Doc. 295-2 ¶1.

2.	Plaintiffs also agree with Defendants' second (and final) numbered "fact": "There is no discrimination on the face of private and government debt collection statutes. *Id*." Rec. Doc. 295-2 ¶2. In other words, Plaintiffs agree that there is no material difference between the procedures described in Louisiana Code of Civil Procedure art. 225 and Louisiana Code of Criminal Procedure art. 24. (Plaintiffs note that this "fact" is more properly considered a question of law.)

3.	A debtor accused of failure to pay money owed as a result of a civil judgment can not, under Louisiana law, be arrested and detained by the Sheriff until payment is made without the use of the procedural protections contained in Louisiana Code of Civil Procedure art. 225. *See*, *e.g.*, La. Rev. State. § 13:4281 (abolishing the "writ of capias ad satisfaciendum"); Black's Law Dictionary (10th ed. 2014) (defining *capias ad satisfaciendum* as "[a] postjudgment writ commanding the sheriff to imprison the defendant until the judgment is satisfied"); Louisiana Code of Civ. Proc. art. 225 (describing procedures to be used for determination of indirect contempt); *In re Whitaker*, 2006-2222 (La. 2/2/07), 948 So. 2d 1067, 1070 (describing determination by Louisiana Disciplinary Board that judge "engaged in acts that circumvented the legal system" when he "ordered citizens to be picked up by the sheriff and detained without following the procedure prescribed by the Louisiana Code of Civil Procedure relative to civil contempt").

4.	Using "alias capias" arrest warrants, Defendants routinely order the arrest and detention of individuals who have not made a payment on court-ordered debt until payment is made. *See* Rec. Doc. 251-2 ¶¶66-68; Rec. Doc. 279 at 31 (Opinion of Dec. 13, 2017) ("[T]he Judges now handle collection efforts on their respective dockets, and there is evidence in the record that these efforts include issuing alias capias warrants against criminal defendants for nonpayment

of fines and fees.") (citing Rec. Doc. 250-3 at 5, 16, 21) ; *id.* at 32 ("[I]n early 2017, the Judges met en banc to discuss issues with securing court appearances for arrestees in a timely manner. The Judges requested that 'arrestees be placed on our respective jail lists on the day of or the next day after their arrest on a capias [warrant].' This request suggests that criminal defendants are still subject to imprisonment on alias capias warrants issued by OPCDC, with no pre-imprisonment court hearing."); *id.* at 57 ("[P]laintiffs are subject to imprisonment as the result of civil contempt-like proceedings.").

5.  Defendants do not routinely (if ever) provide the procedural and substantive protections contained in the Louisiana Code of Criminal Procedure art. 24, which mirrors Louisiana Code of Civil Procedure art. 225. *Id.*; Rec. Doc. 295-2 ¶1; *see also* Rec. Doc. 250-2 at 38 (Defendant Judges' interrogatory responses) ("INTERROGATORY # 14: Please describe any and all policies, procedures, and practices related to assessing whether a person who owes fines and/or fees to the court has the ability to pay those fines and/or fees? *ORIGINAL* RESPONSE … : There are no written policies or procedures; the general practice, which varies depending upon the matter, includes input received from defense counsel and/or the defendant when brought to the Court's attention.").

6.  Defendants' use of alias capias warrants to coerce payment from debtors routinely results in the extraction of debt payments from property that is exempt from such collection under State and federal law.

    a.  *Compare* 42 U.S.C. § 407 (protecting federal disability benefits from legal process) *with* Rec. Doc. 8-2 ¶15 (Decl. of Alana Cain) ("I have borrowed money from my mom's social security disability checks and from my family to make my payments on-time since then because I am so scared of being arrested again.") *and* Rec. Doc.

8-4 ¶¶5, 9, 10 (Decl. of Reynajia Variste) ("5. I borrowed money from my grandma's and auntie's social security disability checks … because I was so scared of going to jail.");

b. *Compare* La. Rev. Stat. § 13:3881(A)(1)(a) (listing basic "income or property of a debtor [that] is exempt from seizure under any writ, mandate, or process whatsoever," including an amount in "disposable earnings for any week" that is "in no case … less than an amount … equal to thirty times the federal minimum hourly wage …") *and* "Minimum Wage," U.S. Dep't of Labor, Wage and Hour Division, https://www.dol.gov/WHD/minimumwage.htm (last accessed May 8, 2018) (reciting federal minimum wage of $7.25/hour, such that thirty times the federal minimum hourly wage is $217.50) *with* Rec. Doc. 8-2 ¶3 ("I probably make about $200 per month, which means that I struggle to have enough money for food and clothes.") *and* Rec. Doc. 8-3 ¶¶6, 9 (Decl. of Ashton Brown) (showing that Brown was unemployed when arrested and "struggling to find enough money for food, clothing and other basic things that [he] need[s] to survive, let alone to help support [his] child") *and* Rec. Doc. 8-7 ¶14 (Decl. of Vanessa Maxwell) ("I have applied for Section 8 housing and am waiting for social security disability. I have no money to pay the court, and I struggle to have enough money for food and clothing and other basic necessities of life.");

c. *Compare* La. Rev. Stat. § 13:3881(A)(7) (exempting up to $7,500 in equity value in an automobile from "seizure under any writ, mandate, or process whatsoever") *with* Rec. Doc. 8-2 ¶5 ("I do not have a car anymore because I sold it to pay the restitution order in my case.").

7. A debtor accused of failure to pay money owed as a result of a civil judgment would not, under Louisiana law, be subject to extracting payment from exempt property because such a debtor would be afforded the procedural and substantive protections contained in Louisiana Code of Civil Procedure art. 225. *Supra* ¶3.

Dated: May 8, 2018          Respectfully submitted,

*/s/ Alec Karakatsanis*

Alec Karakatsanis (D.C. Bar No. 999294)
(Appearing *Pro Hac Vice*)
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
(202)-681-2409
alec@equaljusticeunderlaw.org

*/s/ Bill Quigley*

William P. Quigley
La Bar No. 7769
7214 St. Charles Ave.
Campus Box 902
New Orleans, LA 70118
(504) 710-3074 (c)
quigley77@gmail.com

*/s/ Anna Lellelid*

Anna Lellelid-Douffet
La Bar No. 35204
PO Box 19388
New Orleans, LA 70179
(504) 224-9670 (c)
lellelid.law@gmail.com

*/s/ Jon Greenbaum*
*/s/ Mateya Kelley*
_____

Jon Greenbaum (D.C. Bar No. 489887)
Mateya Kelley (N.Y. Bar Reg. 5270400)
(Appearing *Pro Hac Vice*)
Lawyers' Committee for Civil Rights Under Law
1401 New York Ave NW Suite 400
Washington, DC 20005
(202) 662-8315
jgreenbaum@lawyerscommittee.org
mkelley@lawyerscommittee.org


*/s/ Jonathan P. Guy*
*/s/ David P. Fuad*
_____

Jonathan P. Guy (D.C. Bar No. 449031)
David P. Fuad (CA Bar No. 265193)
(Appearing *Pro Hac Vice*)
Orrick, Herrington & Sutcliffe, LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8516
jguy@orrick.com
dfuad@orrick.com


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 8th day of May, 2018, I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the parties.

*/s/ David P. Fuad*