IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, et al., <br><br> Plaintiffs, <br> v. <br><br> CITY OF NEW ORLEANS, et al., <br><br> Defendants. | Case No. 2:15-4479-SSV, consolidated with No. 2:16-14439-SSV <br><br> Reference: No. 2:15-4479-SSV <br><br> (Class Action) <br> Judge Sarah S. Vance, Sec. R(2) <br> Mag. Judge Joseph C. Wilkinson, Div. 2 |

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR SUPPLEMENTAL RELIEF</u>**

In light of constitutional violations that have persisted since this Court's declaratory judgment, Doc. 319, Plaintiffs seek clarifying declaratory relief to ensure that Defendant Judges comply with the Court's rulings.

**I.      This Court's Rulings**

In granting partial summary judgment, this Court held not only that "the Judges must inquire into plaintiffs' ability to pay before their imprisonment" for nonpayment of court debts, but also that "[t]his inquiry must involve certain procedural safeguards, especially notice to the individual of the importance of ability to pay and an opportunity to be heard on the issue," Doc. 279 at 61, and that any imprisonment for willful nonpayment must be preceded by a finding that the debtor was able to pay, *id.* at 54–55.

The procedural safeguards are vital to the substantive rights this Court has recognized under *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Turner v. Rogers*, 564 U.S. 431 (2011). *See, e.g.*, Doc. 279 at 54–61. They help ensure that any finding a Judge purports to make concerning ability to pay is reliable enough to satisfy the Fourteenth Amendment. *See id.* That is why the onus is on the state to initiate the ability-to-pay inquiry and provide adequate notice of it. *See id.* at 60–61; *id.* at 55–56 ("Given the importance of [the defendant's interest in preventing the loss of

his personal liberty through imprisonment] . . . it is obviously important to assure accurate decisionmaking in respect to the key ability to pay question." (quotation marks omitted) (quoting *Turner*, 564 U.S. at 445)).

Against the backdrop of the Court's summary judgment order, then, the resulting declaratory judgment, Doc. 319, must be understood as incorporating the procedural protections that due process requires. In declaring the need for an inquiry and finding concerning ability to pay, *id.* at 2 ("[T]he Judges' policy or practice of not inquiring into the ability to pay of . . . persons before they are imprisoned for nonpayment of court debts is unconstitutional."); *id.* at 1 ("The Fourteenth Amendment . . . prohibits a state actor from arresting or detaining a criminal defendant solely for failure to pay a court-imposed debt absent a determination of ability to pay."), the declaratory judgment recognizes the adequate notice that, according to the Court's summary judgment order, must precede the inquiry and the debtor's opportunity to be heard.

But the conduct of at least one Defendant, detailed below, shows that the Judges may not appreciate the full scope of their constitutional obligations under this Court's rulings.

## II.   Constitutional Violations Since This Court's Rulings

Defendant Judge Laurie A. White's recent conduct illustrates the need for further relief. Just weeks ago, in *State v. Bell*, 2019-K-0088 (La. Ct. App. 4 Cir. 1/25/19), the Louisiana Court of Appeal reversed Judge White's judgment remanding Sherri Bell to custody for not making restitution payments. Ex. A (order granting supervisory writ). The relevant facts are as follows. After the victim in the case notified Judge White that he had not received restitution payments from Ms. Bell, Judge White issued an alias capias for Bell's arrest, without providing any pre-arrest process or opportunity to be heard. *Id.* After being told to appear in court but without any advance notice as to the purpose of the hearing, Ms. Bell appeared before Judge White. Ex. B

2

(emergency petition for supervisory writ) at 7. When told—for the first time—that her reasons for nonpayment would be the focus of the hearing, Ms. Bell explained that she could not afford to make the scheduled payments despite her desire and intent to do so. *Id.* at 7–8. Asked by Judge White why she had not provided documentation of her indigence, Ms. Bell said she was unaware of the need to bring any documentation, as she had not been told the purpose of the hearing beforehand. *Id.* at 8–9. Judge White "stated that she found Ms. Bell's failure to pay restitution was willful because she had not made any payments," and "that Ms. Bell had not carried her burden to show" her inability to pay, because she had not brought documentation to support her testimony. *Id.* at 9. Judge White ordered that Ms. Bell be taken into custody immediately, docketed for a probation-violation hearing a week later, and detained in custody until then. *Id.*

On emergency appeal, Ms. Bell's appointed counsel argued that Judge White had violated her Fourteenth Amendment rights both by failing to provide notice of the purpose of the hearing and by imprisoning her solely for nonpayment without making a proper finding of willfulness. Ex. B at 10–13 (citing *Bearden*, as well as this Court's summary judgment order, Doc. 279, and declaratory judgment, Doc. 319). The state court of appeal agreed, reversing Judge White's ruling and ordering Ms. Bell's immediate release. Ex. A (holding that Judge White failed to provide adequate notice and failed to conduct a hearing that would enable an accurate determination of willfulness).

Judge White's conduct in *Bell* clearly violates the constitutional requirements this Court recognized in its summary judgment order and incorporated into its declaratory judgment. Doc. 279 at 54–61 (discussing the importance of adequate notice and procedurally reliable findings concerning ability to pay). It is possible that because those requirements are not expressly enumerated in the Court's formal decree, Doc. 319, Defendants are under the mistaken impression

3

that they need not comply with them. For example, Judge White appears to have represented herself as having made a finding of willful nonpayment, but without providing Ms. Bell with the notice that is essential to an adequate opportunity to be heard on that issue and to any reliable finding on ability to pay. *See supra*; Ex. B at 8–9.[1] Whatever the cause of this noncompliance, Ms. Bell's case demonstrates the need for further relief to effectuate this Court's existing declaratory judgment.

### III. This Court's Authority to Grant Further Relief

The Declaratory Judgment Act authorizes "[f]urther necessary or proper relief based on a declaratory judgment or decree . . . , after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. That further relief can itself be declaratory. *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493 (5th Cir. 1999), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003). It can also be injunctive. *See, e.g.*, *Powell v. McCormack*, 395 U.S. 486, 499 (1969) ("A declaratory judgment can . . . be used as a predicate to further relief, including an injunction." (citing § 2202)); *United Teacher*, 414 F.3d at 570 ("This court has held that under § 2202, 'the prevailing party [in a declaratory judgment action] may seek further relief in the form of damages or an injunction.'"). And this Court has jurisdiction to issue such relief notwithstanding Defendants' appeal of the Court's separate decree concerning their financial conflict of interest: The Fifth Circuit has held that a losing party's appeal from a federal district court's entry of declaratory judgment does not divest the district court of jurisdiction to consider a prevailing party's motion for further relief, under § 2202, concerning issues not involved in the appeal.

---

[1] That Ms. Bell's debt stemmed from *restitution* rather than fines or fees is of no moment, as this Court has already found that "Defendants have offered no explanation for treating criminal defendants who owe restitution differently from those who don't." Doc. 279 at 33.

4

*United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 572 (5th Cir. 2005) (citing cases).  The Judges have not appealed the part of this Court's decree that Plaintiffs seek to supplement.[2]

### IV.     Relief Sought

42 U.S.C. § 1983 bars injunctive relief *in the first instance* against a "judicial officer" acting in his "judicial capacity" but excepts cases in which a declaratory decree has been violated. As explained above, at least one Defendant has already violated the decree.  Out of caution, however, and recognizing that federal courts have rarely seen the need to enjoin state and local judges from violating federal declaratory decrees, Plaintiffs have opted to seek clarifying declaratory relief rather than any injunction to which they may already be entitled under § 1983.

To that end, Plaintiffs respectfully submit that a more specific declaratory judgment—as contemplated by the Declaratory Judgment Act—is appropriate to clarify the Judges' obligations and to provide a firm basis for injunctive relief should they continue to violate the constitutional rights this Court has recognized.  Plaintiffs therefore ask this Court to decree it unconstitutional for any Orleans Parish Criminal District Court debtor to be imprisoned for willful nonpayment absent (1) a meaningful inquiry into the debtor's ability to pay, preceded by notice of the importance of that issue and including an opportunity for the debtor to be heard on it, and (2) a finding that the debtor is able to pay.[3]

Dated: February 25, 2019             Respectfully submitted,

                                     */s/ Alec Karakatsanis*
                                     _____

---

[2] *See* Brief of Defendants-Appellants at 5, *Cain, et al. v. White, et al.*, No. 18-30955 (5th Cir. Oct. 29 2018).

[3] Compare the declaratory judgment issued by Judge Fallon against Defendant Magistrate Judge Cantrell (and informed by this Court's summary judgment order, *see Caliste v. Cantrell*, 329 F. Supp. 3d 296, 304 (E.D. La. 2018)), which declared that in pretrial detention hearings, due process requires, among other things, "an inquiry into the arrestee's ability to pay, including notice of the importance of this issue and the ability to be heard on this issue." Doc. 132, Case 17-6197 (*Caliste et al. v. Cantrell*), at 2.

Alec Karakatsanis (D.C. Bar No. 999294)
(Appearing *Pro Hac Vice*)
Marco A. Lopez (CA Bar No. 316245)
(*Pro Hac Vice* Motion Forthcoming)
Civil Rights Corps
910 17th Street, N.W., Suite 200
Washington, DC 20006
(202) 681-2409
alec@civilrightscorps.org

*/s/ Anna Lellelid*
_____

Anna Lellelid-Douffet (La Bar No. 35204)
PO Box 19388
New Orleans, LA 70179
(504) 224-9670 (c)
lellelid.law@gmail.com

*/s/ Bill Quigley*
_____

William P. Quigley (La Bar No. 7769)
7214 St. Charles Ave.
Campus Box 902
New Orleans, LA 70118
(504) 710-3074 (c)
quigley77@gmail.com

*/s/ Jon Greenbaum*
_____

Jon Greenbaum (D.C. Bar No. 489887)
(Appearing *Pro Hac Vice*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8315
jgreenbaum@lawyerscommittee.org

*/s/ Jonathan P. Guy*
*/s/ David P. Fuad*
_____

Jonathan P. Guy (D.C. Bar No. 449031)
David P. Fuad (CA Bar No. 265193
(Appearing *Pro Hac Vice*)
Orrick, Herrington & Sutcliffe, LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706

6

(202) 339-8516
jguy@orrick.com
dfuad@orrick.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2019, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                              /s/David P. Fuad