IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, et al.,<br><br>      Plaintiffs,<br>v.<br><br>CITY OF NEW ORLEANS, et al.,<br><br>      Defendants. | Case. No. 2:15-4479-SSV<br><br>(Class Action)<br>Judge Sarah S. Vance, Sec. R(2)<br>Mag. Judge Joseph C. Wilkinson, Div. 2 |

**MEMORANDUM IN SUPPORT OF FINDING OF JURISDICTION TO DECIDE
SUPPLEMENTAL RELIEF MOTION**

The Court instructed the parties to brief whether it has jurisdiction to decide Plaintiffs' motion for supplemental relief (the "Motion") in light of Defendant Judges' pending petition for a writ of certiorari (the "Petition"). Doc. 346. Because Defendant Judges' mere filing of the Petition did not divest the Court of jurisdiction, this Court retains jurisdiction to decide the Motion.

**I. Procedural Posture**

In light of constitutional violations that persisted following this Court's August 3, 2018 declaratory judgment, Doc. 319, Plaintiffs sought clarifying declaratory relief to ensure that Defendant Judges comply with the Court's rulings. *See* Doc. 331. Defendant Judges responded in opposition, and Plaintiffs replied. Docs. 336, 341. After the Motion was fully briefed, the Fifth Circuit affirmed, holding that an unconstitutional conflict of interest arose from Defendant Judges' role in determining the ability of class members to pay fines and fees, where the fines and fees revenue is routed (in part) to a Judicial Expense Fund over which Defendant Judges exercise total control. *See Cain v. White*, 937 F.3d 446 (5th Cir. 2019). The Fifth Circuit's accompanying mandate was filed in this Court on October 8, 2019. Doc. 343. Defendant Judges later filed a petition for a writ of certiorari with the U.S. Supreme Court on December 20, 2019. *See* Petition

1

for Writ of Cert., *White v. Cain* (No. 19-822); *see also* Supreme Ct. Notice of Petition for Writ of Cert., *Cain v. White,* No. 18-30955 (5th Cir. Jan. 3, 2020).

### II. The Filing of Defendant Judges' Petition Does Not Divest This Court of Jurisdiction to Decide the Motion.

This Court regained complete jurisdiction over the issues in this case when the Fifth Circuit issued its mandate and the Defendant Judges failed to request or obtain a stay of the enforcement of this Court's judgment. The filing of the Petition does not alter this analysis. Moreover, even if the mandate had not already issued, this Court would still have jurisdiction to decide the Motion because the Motion is unrelated to the issue that was the subject of the Defendant Judges' appeal. *See* Docs. 331, 341.

"When an appellate mandate is issued, a district court reacquires jurisdiction." *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986) (citing *United States v. Dozier*, 707 F.2d 862, 864 n. 2 (5th Cir.1983)); *see also Arenson v. S. Univ. Law Ctr.*, 963 F.2d 88, 90 (5th Cir. 1992). A district court maintains such jurisdiction even if one party later files a petition for a writ of certiorari, because "the mere filing of a petition for certiorari with the Supreme Court neither stops the [Court of Appeal's] mandate from issuing nor stops the case from proceeding in the district court." *United States v. Sears*, 411 F.3d 1240, 1241-42 (11th Cir. 2005); *see also Potts v. Flax*, 313 F.2d 284, 290 n.6 (5th Cir. 1963); *United States v. Eisner*, 323 F.2d 38, 42 (6th Cir. 1963); *Glick v. Ballentine Produce, Inc.*, 397 F.2d 590, 594 (8th Cir. 1968); *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016).

Rather, "[a] litigant desiring … cessation [of the district court litigation] must seek and obtain a stay." *Sears*, 411 F.3d at 1242; *see also* 28 U.S.C. § 2101 (setting forth procedure for seeking stay of execution and enforcement of judgment). Because Defendant Judges have not obtained, or even sought, a stay of the Fifth Circuit's mandate or enforcement of this Court's

judgment, this Court has jurisdiction to decide any issue in this case, including the Motion. Doc. 343.[1]

### III. This Court Never Lost Jurisdiction to Decide the Motion Because the Motion Concerns Issues Unrelated to Defendant Judges' Appeal.

This Court always had jurisdiction to decide the Motion, irrespective of Defendant Judges' Fifth Circuit appeal and their currently pending Petition, because the Motion concerns issues unrelated to the lone, narrow issue that Defendant Judges appealed. Filing an appeal only divests the district court of jurisdiction over matters involved in the appeal. *See Sandres v. Louisiana Div. of Admin.*, 551 F. App'x 95, 98 (5th Cir. 2013). As a corollary of this principle, "[t]he district court may still proceed with matters not involved in the appeal." *Id.* An issue before the district court is only deemed part of an appeal (and thus outside the purview of the district court) "if the appeal and the claims before the district court address the same legal question." *Id.* The analysis is the same under the Declaratory Judgment Act, where a losing party appeals from a district court's entry of declaratory judgment and the prevailing party seeks further relief on issues not involved in the losing party's appeal. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 572 (5th Cir. 2005).

Defendant Judges have not appealed the part of this Court's decree that Plaintiffs seek to supplement. *See* Brief of Defendants-Appellants, *Cain v. White*, No. 18-30955 (5th Cir. Oct. 29, 2018) at 5. In particular, this Court held that Defendant Judges violated Due Process under the Fourteenth Amendment by (1) not inquiring into a debtor's ability to pay fines and fees before

---

[1] Although the District Court has jurisdiction to decide the Motion for all the reasons stated herein above, the Petition is scheduled for conference at the Supreme Court today (February 21, 2020), and a decision on the petition may be forthcoming as soon as February 24, 2020. SUPREME COURT, *Docket for White, Judge v. Cain, et al.*, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-822.html (last visited February 20, 2020).

they were imprisoned for nonpayment, and (2) controlling both fines and fees revenue and ability-to-pay determinations. *Cain v. City of New Orleans*, 281 F. Supp. 3d 624, 635 (E.D. La. 2017), *aff'd sub nom.* 937 F.3d 446.  Defendant Judges' appeal to the Fifth Circuit, which is the basis for their pending Petition, concerned only part (2) of this Court's judgment: namely, whether Defendant Judges could both make ability-to-pay determinations and control the revenue stemming from those determinations. *Cain v. White*, 937 F.3d at 450–51 ("The Judges only challenge the portion of the district court's declaratory judgment which declared that 'with respect to all persons who owe or will incur court debts arising from cases adjudicated in OPCDC, and whose debts are at least partly owed to the OPCDC Judicial Expense Fund, the Judges' failure to provide a neutral forum for determination of such persons' ability to pay is unconstitutional.' ***They do not challenge the district court's judgment stating that 'the Judges' policy or practice of not inquiring into the ability to pay of such persons before they are imprisoned for nonpayment of court debts is unconstitutional.'*** " (emphasis added)). [2]

Defendant Judges' appeal thus does not involve the legal question implicated by the Motion: Plaintiffs' request for a supplemental declaration clarifying Defendant Judges' obligations, under part (1) of this Court's judgment, to provide debtors a meaningful inquiry into their ability to pay, preceded by notice of the importance of the issue and their right to be heard. *See* Doc. 331.  For this further and alternative reason, this Court maintains jurisdiction to decide the Motion irrespective of the Petition.

---

[2] Defendant Judges appear to be in agreement on this point.  *See* Doc. 348 at 3 ("[T]he part of the declaratory judgment addresses by Plaintiffs' current motion was not challenged by Defendants on appeal. … [I]t appears that this Court may retain jurisdiction to address that part of the declaratory judgment that was not appealed if such action would not significantly impact the appellate records for the issue on appeal."  Nothing in Plaintiffs' motion seeks or requires any modification of the evidentiary record on appeal or modification of that portion of the judgment that was appealed.

4127-0710-6850                                                4

Dated: February 21, 2020								Respectfully submitted,

*/s/ Alec Karakatsanis*
——————————————
Alec Karakatsanis (D.C. Bar No. 999294)
(Appearing *Pro Hac Vice*)
Marco A. Lopez (CA Bar No. 316245)
(Appearing *Pro Hac Vice*)
Civil Rights Corps
1601 Connecticut Ave. NW
Suite 800
Washington, D.C. 20009
(202) 844-4975
alec@civilrightscorps.org
marco@civilrightscorps.org

*/s/ Bill Quigley*
——————————————
William P. Quigley (La Bar No. 7769)
7214 St. Charles Ave.
Campus Box 902
New Orleans, LA 70118
(504) 710-3074 (c)
quigley77@gmail.com

*/s/ Jon Greenbaum*
——————————————
Jon Greenbaum (D.C. Bar No. 489887)
(Appearing *Pro Hac Vice*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org

*/s/ Jonathan P. Guy*
*/s/ Kathryn G. Mantoan*
——————————————
Jonathan P. Guy (D.C. Bar No. 449031)
(Appearing *Pro Hac Vice*)
Kathryn G. Mantoan (CA Bar No. 239649)
(Appearing *Pro Hac Vice*)
Orrick, Herrington & Sutcliffe LLP
1152 15th Street NW
Washington, D.C. 20005-1706
(202) 339-8400

jguy@orrick.com
kmantoan@orrick.com

*Attorneys for Plaintiffs*

4127-0710-6850                                    6

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Kathryn G. Mantoan*