UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-4479 |
| CITY OF NEW ORLEANS, ET AL. | SECTION "R" (2) |

## **ORDER AND REASONS**

The Court has received plaintiffs' motion for supplemental relief under 28 U.S.C. § 2202.[1] Plaintiffs seek a "more specific declaratory judgment."[2] Defendants oppose the motion.[3]

The Court previously granted in part plaintiffs' motion for partial summary judgment.[4] In that order, the Court found that "[p]laintiffs are entitled summary judgment . . . to the extent they seek a declaration that the Judges' practice of not inquiring into plaintiffs' ability to pay before they are imprisoned for nonpayment violates the Fourteenth Amendment."[5] The Court stated that "the Judges must inquire into plaintiffs' ability to pay before their imprisonment," and "[t]his inquiry must involve certain

---

[1]   R. Doc. 331.
[2]   *See id.* at 1.
[3]   R. Doc. 336.
[4]   *See* R. Doc. 279 at 1, 79.
[5]   *See id.* at 61.

procedural safeguards, especially notice to the individual of the importance of ability to pay and an opportunity to be heard on the issue."[6]  The Court also stated that "[i]f an individual is unable to pay, then the Judges must consider alternative measures before imprisoning the individual."[7]

Following this order, the Court entered a declaratory judgment.[8]  The judgment stated, in part, that "[t]he undisputed evidence in this case establishes that the Judges have a policy or practice of not inquiring into criminal defendants' ability to pay before those individuals are imprisoned for nonpayment of court debts."[9]  It also stated that "[t]he Fourteenth Amendment to the U.S. Constitution prohibits a state actor from arresting or detaining a criminal defendant solely for failure to pay a court-imposed debt absent a determination of ability to pay."[10]  The Court then declared in part, "[c]onsidering this law, the evidence in the record, and the Court's orders and reasons on file herein, . . . that with respect to all persons who owe or will incur court debts arising from cases adjudicated in OPCDC, the Judges' policy or practice of not inquiring into the ability to pay of such persons

---

[6]   *Id.*
[7]   *Id.*
[8]   R. Doc. 319.
[9]   *Id.* at 1.
[10]  *Id.* (citing *Bearden v. Georgia*, 461 U.S. 660 (1983)).

before they are imprisoned for nonpayment of court debts is unconstitutional."[11]

Section 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202; *see also Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 510 (5th Cir. 1999) ("[A] court has the power, upon a subsequent petition, to grant coercive or further declaratory relief in connection with a final declaratory judgment theretofore entered."), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11 (5th Cir. 2003). Plaintiffs request that the Court provide further relief based on its declaratory judgment by "clarify[ing] the Judges' obligations."[12] Specifically, they "ask this Court to decree it unconstitutional for any Orleans Parish Criminal District Court debtor to be imprisoned for willful nonpayment absent (1) a meaningful inquiry into the debtor's ability to pay, preceded by notice of the importance of that issue and including an opportunity for the debtor to be heard on it, and (2) a finding that the debtor is able to pay."[13] The Court finds such relief appropriate here.

---

[11]   *Id.* at 2.
[12]   *See* R. Doc. 331-1 at 5.
[13]   R. Doc. 331.

3

The Court therefore GRANTS plaintiffs' motion. The Court DECLARES it unconstitutional for any Orleans Parish Criminal District Court criminal defendant to be imprisoned for willful nonpayment of fines, fees, or restitution imposed on the criminal defendant by OPCDC absent (1) a meaningful inquiry into the criminal defendant's ability to pay, preceded by notice of the importance of that issue and including an opportunity for the criminal defendant to be heard on it, and (2) a finding that the criminal defendant is able to pay.

New Orleans, Louisiana, this __30th__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE